In the

# United States Court of Appeals
## For the Seventh Circuit

No. 05-1317

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

CARLOS RODRIGUEZ-ALVAREZ,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 04 CR 399—**Samuel Der-Yeghiayan**, *Judge.*

ARGUED SEPTEMBER 8, 2005—DECIDED OCTOBER 12, 2005

Before FLAUM, *Chief Judge*, and EASTERBROOK and ROVNER, *Circuit Judges.*

FLAUM, *Chief Judge.* Defendant-appellant Carlos Rodriguez-Alvarez pleaded guilty to illegally reentering the United States after having been deported following a conviction for an aggravated felony, in violation of 21 U.S.C. § 1326. He now appeals his sentence of 87 months imprisonment, claiming that it is unreasonable. For the reasons stated herein, we affirm the sentence.

## I. Background

Defendant, Carlos Rodriguez-Alvarez, was born in Mexico and is not a United States citizen. He first entered the

United States in August 1987. Once in this country, he was convicted of many criminal offenses, including domestic violence, distribution of narcotics, and possession of a deadly weapon. He was first deported from the United States in 1991, and then was deported again in 2000, after being convicted of possession of a controlled substance with intent to deliver, an aggravated felony. When defendant was deported for the second time, he had served three years of a seven-year prison sentence. Defendant returned to the United States in February 2003 without seeking permission to do so. He was discovered when local officials arrested him for domestic battery.

The government charged defendant with illegal reentry under 21 U.S.C. § 1326. Defendant pleaded guilty without the benefit of a plea agreement. While defendant was awaiting sentencing, the Supreme Court issued its decision in *United States v. Booker*, 125 S. Ct. 738 (2005). Both parties had the opportunity to present their respective views of *Booker* to the district court through briefs and oral argument. Defense counsel presented several arguments regarding the applicability of the sentencing factors listed in 18 U.S.C. § 3553(a).

After hearing the parties' arguments and defendant's statement of apology, the district court set forth the basis for the sentence it intended to impose. First, it acknowledged *Booker* and its holding that the sentencing guidelines were advisory and not mandatory. It then calculated the applicable guidelines range, accepting defendant's argument that the criminal history category should be reduced from six, as recommended in the presentencing report, to five. The base offense level was eight, but the court increased this by 16 levels because the defendant was deported after a criminal conviction for a felony drug trafficking offense. The court determined that an offense level of 21 and a criminal history category of 5 yielded a range of 70 to 87 months imprisonment. The court then stated:

Defendant has argued that the Court should consider the guidelines as one factor and the government has argued that the Court should consider the guidelines as advisory. The defendant has argued that the guidelines don't take into account rehabilitative needs of the defendant and the defendant further claims that he has been a father figure for prisoners at MCC, which is a prison in Chicago, that he's a good person but he's been depending on alcohol and drugs which has caused his crimes. He has stated that he will not return back to the United States if he is deported again and that his fiancé is willing to return to Mexico with him.

The defendant also has stated to the Court that he's not proud of his criminal history and he asked the Court to forgive his coming back to the United States illegally. He has indicated that he is older and more mature.

*The defendant has an extensive criminal history. His prior criminal convictions shows [sic] his flagrant disregard for the law and the likelihood of recidivism. Based upon his prior convictions and the seriousness of the convictions such as domestic battery, possession of a deadly weapon, it is clear that a severe sentence is warranted.* Defendant has also argued that he has merely been charged with illegal entry into the United States and that I should consider that there are many illegal aliens in the United States who are working here and previously have been granted amnesty. However, the record also reflects that this is not the first illegal re-entry into the United States by the defendant. The defendant was previously deported and re-entered the United States illegally.

Defendant has submitted letters from employers on his behalf that indicate that he is a reliable employee. However, there's no indication by the employers

whether they are aware that they are employing an illegal alien in the United States, whether they are familiar with the defendant's extensive criminal history since the record reflects that while in the United States illegally, the defendant has been convicted of theft, illegal sale and transportation of narcotics, possession of a deadly weapon, disorderly conduct, under the influence of a controlled substance, unlawful violation of an order from protection and domestic battery. *The defendant has asked the Court to consider 18 U.S.C. § 3553.*

That section provides factors to be considered in imposing sentence—the nature and circumstances of the offense, the need for the sentence imposed, the seriousness of the offense, to promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, [to] protect the public from further crimes, to provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner, the kinds of sentences available, the kinds of sentence and sentencing range established for.

*The defendant has no right to be in the United States. He has come to the United States on two different occasions illegally, committed crimes, numerous crimes—crimes which are a felony—and has been deported previously. The defendant has re-entered the United States and has continued with the commission of the crimes after illegal re-entry.* The defendant was deported again with the condition that he not return without special permission of the Attorney General. Yet, the defendant has asked the Court to forgive him for coming back to the United States. *The Court has considered the crimes committed by the defendant, the favorable factors articulated by the defendant, the arguments by defendant and counsel and*

*government's counsel; and after reviewing all of the documents presented to the Court and the arguments and considering the sentencing guideline's range, I conclude that the defendant's imprisonment at the highest range of the sentencing guideline would be appropriate.* Therefore, the following will be the decision of the court relating to the defendant's sentence:

It is the judgment of the Court that the defendant, Carlos Rodriguez-Alvarez, is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 87 months. . . . Upon release from imprisonment, the defendant shall be placed on supervised release for a term of three years. (emphasis added)

Defendant timely appealed his sentence.

## II. Discussion

In *United States v. Booker*, the Supreme Court held that henceforth appellate courts must review sentences for "unreasonableness." *Booker,* 125 S. Ct. at 765-66. This reasonableness review is guided by the factors set forth in 18 U.S.C. § 1335(a). *United States v. Alburay,* 415 F.3d 782, 786 (7th Cir. 2005) (citing *Booker*, 125 S. Ct. at 765-66) ("Section 3553(a) . . . sets forth numerous factors that guide sentencing. Those factors in turn will guide appellate courts . . . in determining whether a sentence is reasonable."). These factors include the following: the nature and circumstances of the offense; the history and characteristics of the defendant; the seriousness of the offense; the sentence necessary to promote respect for the law and to provide just punishment for the offense; the sentence that would provide adequate deterrence to criminal conduct; the sentence that would provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the sentencing guidelines range; and the need to avoid unwarranted

sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a).

"[A]ny sentence that is properly calculated under the Guidelines is entitled to a rebuttable presumption of reasonableness." *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). "[A] defendant can rebut this presumption only by demonstrating that his or her sentence is unreasonable when measured against the factors set forth in § 3553(a)." *Id.* Appellate review of the application of these factors is deferential. *Id.*

Defendant has not argued that his sentence is unreasonable when measured against any § 3553(a) factor. Rather, he argues that the sentence must be vacated because the district court made two procedural errors in imposing the sentence. According to defendant, the district court did not consider the § 3553(a) factors and did not state its reasons for the imposition of a particular sentence with reference to those factors.

While defendant states that these procedural errors make his sentence "unreasonable," *Mykytiuk* suggests that a sentence can only be vacated for unreasonableness based on the application of § 3553(a) factors. Because defendant's argument is based on procedural errors and not on the application of the factors, it is not appropriate to consider defendant's arguments under the "reasonableness" framework. Instead, this Court should review the question of whether the district court complied with the mandatory post-*Booker* sentencing procedures under a non-deferential standard of review. *See United States v. Wesley*, 422 F.3d 509, 2005 WL 2106166 (7th Cir. 2005) ("If a court's decision rests on an error of law, then 'it is clear that an abuse of discretion has occurred, as it is always an abuse of discretion to base a decision on an incorrect view of the law [and] review of this type of underlying legal ruling is non-deferen-

tial.'") (quoting *United States v. Mietus*, 237 F.3d 866, 870 (7th Cir. 2001)). Under this approach, the Court must determine whether the sentencing court complied with the mandatory procedures and, if it did not, conduct a harmless error analysis if harmlessness is asserted by the government. *See United States v. George*, 403 F.3d 470, 472-73 (7th Cir. 2005).

Recent opinions from this Court set forth the procedures to be followed in imposing a sentence post-*Booker*. Sentencing courts must continue to calculate the applicable guidelines range even though the guidelines are now advisory. *See Mykytiuk*, 415 F.3d at 607; *Alburay*, 415 F.3d at 786 ("[T]he guidelines 'must' still be 'consult[ed]' and 'take[n] into account when sentencing.'" (quoting *Booker*, 125 S. Ct. 767)). Courts must also give defendants the "opportunity to draw the judge's attention to any factor listed in section 3553(a) that might warrant a sentence different from the guidelines sentence." *United States v. Dean*, 414 F.3d 725, 730 (7th Cir. 2005). In entering the sentence, the judge must consider the sentencing factors in § 3553(a), *United States v. Re,* 419 F.3d 582, 583 (7th Cir. 2005), and "articulate the factors that determined the sentence that he has decided to impose," *Dean*, 414 F.3d at 729.

The district court completed each of these steps in this case. First, the court calculated the applicable guidelines range, resolving the parties' disputes regarding the presentencing report and noting that the guidelines are advisory rather than mandatory. Neither party suggests that the court miscalculated the applicable range. Next, the court gave both sides the opportunity to argue the § 3553(a) factors and to present reasons for imposing a sentence outside of the guidelines range. The court accepted written briefs and oral argument on the relative weight of these factors, summarized defendant's central arguments, and then stated that it had "considered . . . the favorable factors articulated by the defendant." While defendant, in essence,

argues that this Court should not accept the district court's statement on the record that it "considered" these factors, he presents no basis for this Court to disbelieve the district court's assertion.

The district court also properly articulated the factors that determined the sentence that it imposed. It emphasized the defendant's "extensive criminal history" and concluded that defendant's prior convictions showed, "his flagrant disregard for the law and likelihood of recidivism." The court concluded from the seriousness of the convictions that "it [was] clear that a severe sentence is warranted." The court later repeated that the defendant has twice reentered the country illegally and has committed crimes each time. Based on these factors, the court determined that a sentence of 87 months, at the high end of the guidelines range, was appropriate.

Defendant contends that the district court should have gone through each of the factors (or at least those raised by the defendant) and articulated what weight they were given in making the final sentencing determination. This Court has made clear, however, that the district court need not do so. In *United States v. George*, this court stated, "Judges need not rehearse on the record all of the considerations that 18 U.S.C. § 3553(a) lists; it is enough to calculate the range accurately and explain why (if the sentence is outside it) this defendant deserves more or less." *George*, 403 F.3d at 472-73. In *Alburay*, the sentencing court discussed the seriousness of the crime and the defendant's criminal history, then noted that "[w]hen coupled with his convictions and arrests . . . these facts establish defendant Alburay's gross disregard for the law and a pattern of recidivism." *Alburay*, 415 F.3d at 787. Although the court did not expressly cite to any specific § 3553(a) factor, this Court held that the district court had provided "a more than adequate justification of the sentence under the § 3553(a) factors." *Id.* There, as here, the sentence was within the

applicable guidelines range and the court's statement of reasons for choosing the high end of the range included references to several § 3553(a) factors, although they were not expressly identified. This is sufficient. *See Dean*, 414 F.3d at 729 ("[T]he sentencing judge can discuss the application of the statutory factors to the defendant not in checklist fashion but instead in the form of an adequate statement of the judge's reasons, consistent with section 3553(a), for thinking the sentence that he has selected is indeed appropriate for the particular defendant.").

Defendant argues that § 3553(c) imposes a statutory burden to present a detailed recitation of the factors in § 3553(a) and the court's reasons for assigning relative weights to those factors, contrary to our holding in *United States v. George*. Section 3553(c) merely states, however, that "[t]he court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence," and that more "specificity" is required if the sentence is outside of the guidelines range. 18 U.S.C. § 3553(c). This is not contrary to *George*. Similarly, defendant points out that Federal Rule of Criminal Procedure 32 requires that a sentencing court "must—for any . . . controverted matter—rule on the dispute or determine that a ruling is unnecessary." FED. R. CRIM. P. 32(i)(3)(B). Rule 32, like § 3553(c), does not require a court to discuss the § 3553(a) factors in a specific degree of detail. In *Dean*, this Court explained that district courts are justified in discussing the § 3553(a) factors generally because of "the indeterminate and interminable character of inquiry into the meaning and application of each of the 'philosophical' concepts in which section 3553(a) abounds." *Dean,* 414 F.3d at 729. Neither *George* nor *Dean* contradict § 3553(c) or Rule 32 by requiring only a general discussion of the § 3553(a) factors when the sentence falls within the guidelines range.

Finally, defendant argues that his sentence is unreasonable because the district court did not make explicit find-

ings of fact regarding the mitigating factors he set forth during his arguments. For example, the court never explicitly determined the credibility of the defense's assertions that defendant has a serious, untreated drug addiction, or that he had saved a man's life in prison. Defendant claims that because the district court never specifically found whether it believed these facts to be credible, this Court is unable to review whether it gave those factors appropriate weight when imposing defendant's sentence.

Defendant is correct that findings of fact are necessary to effectuate appellate review. When a district court does not make a finding of fact regarding a position advanced by a party during a post-*Booker* sentencing, this Court will assume, for the purposes of the reasonableness analysis, that it considered the submission in a light favorable to the offering party. If it can be effectively argued that the sentence was unreasonable, given favorable implicit factual determinations, the case will be remanded for the trial court to make explicit factual findings.

In this case, defendant acknowledges that the district court found that he had an extensive criminal history. Therefore, it would appear that the only findings of fact that could possibly have resulted in a lower sentence for defendant were findings that the mitigating factors that the defense propounded were credible. Assuming that the district court found those claims to be credible, defendant has failed to show that it was unreasonable for the court to weigh defendant's criminal history heavily and impose a sentence at the top of the guideline range—a range that is presumptively reasonable. *Mykytiuk*, 415 F.3d at 608.

## III.  Conclusion

For the foregoing reasons, we AFFIRM the district court's sentence of 87 months imprisonment.

A true Copy:

    Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*