**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued December 6, 2005
Decided December 20, 2005

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 05-1953

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin |
| v. | No. 04-CR-171 |
| RUBEN M. HERNANDEZ, <br> *Defendant-Appellant.* | William C. Griesbach, <br> *Judge* |

**O R D E R**

Ruben Hernandez challenges his 262-month sentence for conspiring to distribute more than 500 grams of cocaine and marijuana, 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B). He argues that the sentence is unreasonable because the district court ran afoul of our post-*Booker* line of cases by failing to discuss a sentencing factor—his "advanced" age—that was raised in support of a sentence below the advisory guideline range. Because this procedural argument does not invoke review for reasonableness, and the sentencing court followed the correct procedure, we affirm the sentence.

**I.**

For two years, the Kalamazoo Valley Enforcement Team (KVET), a drug task force centered in Kalamazoo, Michigan, investigated Hernandez and his wife and son for trafficking in cocaine and marijuana. KVET shared the results of its investigation with the Wisconsin Division of Criminal Investigation (DCI) and law enforcement officials in two Wisconsin counties. Further investigation, consisting of surveillance, controlled buys, searches of Hernandez's residence, and interviews with informants, resulted in a nine-count indictment. Hernandez entered into a plea agreement with the government and pleaded guilty to one count of conspiracy in exchange for the dismissal of the remaining counts.

The probation officer who prepared the presentence investigation report (PSR) calculated an advisory guideline range of 262 to 327 months' imprisonment. No written objections to the PSR were filed by the parties, and at the sentencing hearing on March 23, 2005, Hernandez agreed that the offense level and criminal history category were properly scored. The government recommended a sentence at the low end of the advisory range, and Hernandez argued for a sentence below the range. Hernandez highlighted his troubled background: he had to leave the country at an early age when his parents were deported, his father died from alcoholism when he was young, and he attended school for only five years and had no job skills. He also abused alcohol and marijuana from an early age, and began using cocaine later in life. Hernandez also referred in somewhat oblique terms to his age as a mitigating factor. His attorney stated, "Mr. Hernandez is 51 right now, 51 years old, and although I know I'd like to think 51 is young, Mr. Hernandez has led a kind of a full life, probably more than one would normally expect by the time they reach the age of 51." Counsel also opined that a sentence below the guideline range would not "unduly depreciate [Hernandez's] conduct in this case or diminish the fact of his prior record" and that "in terms of determining where [Hernandez] would be at the end of his sentence . . . that would be an appropriate recommendation to make." Hernandez's argument in this court suggests that these remarks were meant to signal that he sought a sentence below the guideline range on the ground that he would be very old when he completed serving his term if it was within the advisory guideline range.

The district court discussed whether a sentence below the guidelines would be warranted in light of the "severity of the offense," Hernandez's prior criminal record, or "something about the defendant's character that is not otherwise taken into account." The court commented, however, that it had difficulty seeing "anything at all that inures to the benefit of the defendant." The district court noted Hernandez's lack of "positive adjustment to his community" in terms of employment or family relationships and remarked that he had been engaged in criminal behavior his entire adult life. The court concluded that a sentence below

the guidelines was not warranted based on "the seriousness of the offense, the amount of money involved over the period of time the defendant was doing this and the amount drugs that he distributed, his record, the need for protection of the public from this type of behavior, and . . . the personal characteristics of the defendant."

## II.

On appeal Hernandez argues only that his sentence is rendered unreasonable by the district court's failure to "explicitly consider" his age when selecting the term imposed. He characterizes his argument in the district court as a contention that "he should be given a sentence lower than the applicable guideline range due to his anticipated age upon completion of the sentence." Hernandez concedes that under our post-*Booker* cases, "little explanation is required for a sentence within a properly calculated guideline range," but insists that the district court must "discuss" and "make a full record of" any factors in 18 U.S.C. § 3553(a) that a defendant raises in support of a sentence below the established range. His primary support for this argument is our statement in *United States v. Dean*, 414 F.3d 725, 730 (7th Cir. 2005), that "the defendant must be given an opportunity to draw the judge's attention to any factor listed in section 3553(a) that might warrant a sentence different from the guidelines sentence, for it is possible for such a variant sentence to be reasonable."

As an initial matter, Hernandez overstates the extent to which he argued for a sentence below the range due to his anticipated age at the completion of his sentence. The two comments we have quoted above completely cover the discussion of Hernandez's age, and they do not amount to a discernible argument. The record simply does not support Hernandez's assertion that he "raised" the issue with such clarity as to require the district court to, in Hernandez's words, "specifically indicate[] that it had considered Mr. Hernandez's age, both at the time of sentencing and at the time of his prospective release from his sentence, and that it concluded that Mr. Hernandez's age does not provide a compelling reason to deviate from the properly calculated guidelines range." The district court should not be faulted for not recognizing that Hernandez's vague comments required more elaboration. *Cf. United States v. McClellan*, 165 F.3d 535, 551-52 (7th Cir. 1999).

Even if Hernandez properly raised an argument regarding his age, his sentence is not made unreasonable simply because the district court did not explicitly address it. We recently rejected the argument that a sentence might be "unreasonable" due to a sentencing court's "procedural errors" of not considering the § 3553(a) factors and not justifying the sentence with reference to those factors. *United States v. Rodriguez-Alvarez*, 425 F.3d 1041 (7th Cir. 2005). The court noted that a defendant must rebut the presumption of reasonableness afforded a guideline

sentence with an argument based on "the application of § 3553(a) factors," not on potential procedural errors. *Id.* at 1046; *see United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). Arguments regarding the district court's procedure, we held, are not to be reviewed under the reasonableness framework; rather, the reviewing court "must determine whether the sentencing court complied with the mandatory procedures, and, if it did not, conduct a harmless error analysis if harmlessness is asserted by the government." *Rodriguez-Alvarez,* 425 F.3d at 1046. Although Hernandez styles his argument as one regarding reasonableness, he cites only a perceived procedural error—failure to discuss his age—and the district court's decision should therefore be reviewed under the standard articulated in *Rodriguez-Alvarez,* not evaluated for reasonableness. *See id.*

In imposing a sentence after *Booker*, the district court must first calculate the advisory guideline range, which involves ruling on any disputed portion of the PSR. *Dean*, 414 F.3d at 727. The defendant must then be afforded the opportunity to draw the court's attention to any factors under § 3553(a) that might warrant a sentence below the guideline range. The court must consider the § 3553(a) factors in selecting an appropriate sentence, although it need not expressly address all of them. *United States v. Williams*, 425 F.3d 478, 480 (7th Cir. 2005). If the court selects a sentence outside the guidelines, it must "articulate the factors that determined the sentence." *Dean,* 414 F.3d at 729. If the court selects a sentence within the guideline range, however, it is enough that "the record confirms that the judge has given meaningful consideration to the section 3553(a) factors." *Williams*, 425 F.3d at 480; *see United States v. Alburay*, 415 F.3d 782, 787 (7th Cir. 2005). Recently we suggested that "meaningful consideration" should be evinced by a discussion of the factors a defendant raises that could justify a sentence below the guideline range. *See United States v. Cunningham,* 429 F.3d 673, 679 (7th Cir. 2005) (remanding for resentencing in part because district court did not address defendant's contention that his psychiatric history was a mitigating factor). Except as to those points that are "clearly without merit," the district court's silence, or a "rote statement that the judge considered all relevant factors," will not satisfy this court that the district court considered the factors relevant to the exercise of its discretion. *See id* at 678-79.

Here, the district court first calculated the applicable guideline range, which Hernandez does not dispute. At the sentencing hearing, Hernandez highlighted several mitigating factors he wished the court to take into account. The district court then discussed the reasons for selecting a sentence within the guidelines. Although it did not explicitly address Hernandez's argument—if it may be called that—regarding his advanced age, the court listed Hernandez's "personal characteristics" and "individual qualities" among the factors it considered. Thus, even if it could fairly be said that Hernandez asked the district court to consider his age as a mitigating factor, this is still not a case in which the district court "passed

over in silence the principal argument made by the defendant even though the argument was not so weak as not to merit discussion." *See id.* at 679. The court responded to Hernandez's arguments with more than silence or a rote statement that it had considered all relevant factors; its discussion reveals meaningful consideration of the § 3553(a) factors. *See id.*; *Williams*, 425 F.3d at 480.

The district court complied with post-*Booker* sentencing procedures, and we therefore AFFIRM the sentence.