UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued March 27, 2006
Decided April 12, 2006

**Before**

Hon. RICHARD D. CUDAHY, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 05-3495

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin |
| *v.* | No. 05-CR-0033-S-01 |
| BRYCE R. KSOBIECH, *Defendant-Appellant.* | John C. Shabaz, *Judge.* |

## O R D E R

Bryce Ksobiech pleaded guilty to stealing explosive materials, 18 U.S.C. § 844(k).  Viewing the guidelines as advisory, the district court sentenced him to 18 months imprisonment, the bottom of the applicable range.  He now appeals his sentence claiming that the district court committed plain error by failing to outline any reasons for his sentence under 18 U.S.C. § 3553(a).  He claims that because of this omission he was effectively sentenced under a mandatory guideline regime in violation of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005).

In June 2002 Ksobiech stole one and a quarter pounds of C-4 explosives from the United States Army.  In May 2004, his wife reported the theft to the FBI, and

in June 2005 he pleaded guilty to a one-count indictment for stealing explosive materials, 18 U.S.C. § 844(k). The PSR proposed a total offense level of 15 and a criminal history category of one; the resulting guidelines imprisonment range was 18 to 24 months. Ksobiech does not challenge the calculation of the guideline range.

At his sentencing hearing, which took place after the Supreme Court's decision in *United States v. Booker*, Ksobiech moved for a downward departure because his offense was aberrant behavior, U.S.S.G. § 5K2.20, and also based on the totality of the circumstances, *id.* § 5K2.0(c). The district court indicated it would apply the guidelines as advisory and would "consider as well the statutory purposes of sentencing set in 18 U.S.C. § 3553(a)." The court found that although Ksobiech may not have planned in advance to steal the explosives, his behavior was not aberrant because he later attempted to sell the explosives to fuel his drug addiction. The court also considered Ksobiech's military discipline record, young age, and limited criminal history, and determined that the totality of the circumstances did not warrant a sentence below the advisory guideline range.

On appeal Ksobiech does not argue that his sentence is unreasonable when measured against any § 3553(a) factor. Rather, he contends that because the court made no attempt to outline reasons under § 3553(a) for his guideline sentence, the court essentially treated the guidelines as mandatory in violation of *Booker*. Arguments regarding the district court's procedures are not to be reviewed under the reasonableness framework. Instead, we evaluate whether the sentencing court complied with the proper sentencing procedures and, if it did not, conduct a harmless error analysis if the government asserts harmlessness. *United States v. Rodriguez-Alvarez*, 425 F.3d 1041, 1046 (7th Cir. 2005). We use a nondeferential standard of review. *Id.* (citing *United States v. Wesley*, 422 F.3d 509 (7th Cir. 2005)).

We recently summarized, in *Rodriguez-Alvarez*, a proper sentencing procedure for courts to follow. 425 F.3d at 1046. Even though the guidelines are advisory, judges must continue to correctly calculate the applicable guideline range. *Rodriguez-Alvarez*, 425 F.3d at 1046; *see also United States v. Vaughn*, 433 F.3d 917, 924 (7th Cir. 2006); *United States v. Mykytiuk*, 415 F.3d 606, 607 (7th Cir. 2005). The defendant must then be given the opportunity to bring to the court's attention any factors under § 3553(a) that might warrant a sentence below the guideline range and the court must resolve any significant factual disputes. *Rodriguez-Alvarez*, 425 F.3d at 1046; *see also United States v. Dean*, 414 F.3d 725, 730 (7th Cir. 2005). The court must consider the § 3553(a) factors in selecting an appropriate sentence. *Rodriguez-Alvarez*, 425 F.3d at 1046; *see also United States v. Williams*, 425 F.3d 478, 480 (7th Cir. 2005); *Dean*, 414 F.3d at 728. When imposing the sentence the court must articulate the reasons that determined the

sentence, but it need not expressly address each of the § 3553(a) factors. *Williams*, 425 F.3d at 480. "It is enough that the record confirms that the judge has given meaningful consideration to the section 3553(a) factors." *Id.*

The district court completed the required steps in this case. First, there is no dispute that the court calculated the applicable guideline range and recognized it as advisory. Next, the court gave Ksobiech the opportunity to argue the § 3553(a) factors. In his written motion for downward departure and at the sentencing hearing, Ksobiech's counsel presented several mitigating factors for the court to take into consideration. The court resolved the factual dispute over whether Ksobiech's behavior was aberrant. It then considered the sentencing factors in § 3553(a) when it discussed the serious nature of the offense, the manner in which Ksobiech committed the crime, Ksobiech's military record, his age, his criminal history, and the need "to achieve the sentencing objectives of punishment, rehabilitation and deterrence." Because the district court complied with the post-*Booker* sentencing procedures, there is no error, and thus no harmless error analysis is necessary.

Therefore we AFFIRM the district court's original sentence.