**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

April 12, 2006

**Before**

Hon. RICHARD D. CUDAHY, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 03-3988

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee,*<br><br>*v.*<br><br>DEMETRIUS DAVIS,<br>*Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division<br><br>No. 03-CR-351<br><br>James F. Holderman,<br>*Judge.* |

**O R D E R**

Demetrius Davis was convicted of possessing a gun despite a prior felony conviction, 18 U.S.C. § 922(g)(1), and sentenced to 120 months' imprisonment, the statutory maximum, *id.* § 924(a)(2). He appealed, raising two arguments that are relevant here. First, he contended that the district court improperly increased his sentence based on prior convictions even though no jury had determined the facts of those convictions beyond a reasonable doubt. But we held that this argument was foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), and explained that Davis had not argued that the district court relied on any information barred from its consideration by *Shepard v. United States*, 544 U.S. 13 (2005). Second, Davis maintained that the district court erroneously applied the sentencing guidelines as mandatory. *See United States v. Booker*, 543 U.S. 220 (2005). He was right about this second argument, so we ordered a limited remand

to find out whether the judge would have imposed the same sentence under an advisory regime. *See United States v. Paladino*, 401 F.3d 471, 483–84 (7th Cir. 2005). The judge has since informed us that he would have imposed the same sentence.

Although his sentence was properly calculated and presumptively reasonable, *see United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005), Davis now maintains that it is unreasonably long. To this end, he insists that his history of substance abuse compels a lower sentence. Yet the district court considered that history and decided that the competing interest of protecting the public from the likelihood of recidivism warranted the sentence that it gave. The choice was the sentencing court's, not ours, and there is nothing about this case that renders that choice unreasonable. *See United States v. Williams*, 436 F.3d 767, 768–69 (7th Cir. 2006); *United States v. Williams*, 425 F.3d 478, 480–81 (7th Cir. 2005), *cert. denied*, 126 S. Ct. 1182 (2006).

Davis's next contention warrants more discussion. He asserts that the district court, while answering the narrow question we posed in our limited remand, improperly cited a police report that said that Davis threatened to kill an 11-year-old child during an armed robbery that resulted in one of his several prior convictions. The court's use of this report, Davis says, contravenes our decision in *United States v. Lewis*, 405 F.3d 511, 515 (7th Cir. 2005). In *Lewis*, we held that a district court erred by classifying a conviction for robbery a "crime of violence" under U.S.S.G. § 2K2.1(a)(4)(A) in reliance on police affidavits asserting facts to which Lewis did not admit. Although "robbery *always* is a 'crime of violence'," we explained, it was error to rely on the report. *Lewis*, 405 F.3d at 515. "The district judge," we wrote, "may well have used the affidavit's allegations when deciding where in the range to sentence Lewis, which would misconceive the nature of a recidivist enhancement. What matters is the fact *of* conviction, rather than the facts *behind* the conviction." *Id.*

But here, unlike in Lewis's case, there is no indication that at sentencing the district court considered the police report. Instead, the court first cited the report when it was time under *Paladino* to say whether, in its discretion, it would lower the sentence, 401 F.3d at 483–84, so the question is not the propriety of the sentence as originally imposed. Moreover, *Lewis* left open the possibility that, although the court could not use the affidavits to determine the application of the guidelines adjustment, it could use them to otherwise guide its discretion. *Lewis*, 405 F.3d at 515 ("The United States does not argue that it would have been appropriate to use these affidavits to decide where in the range to sentence Lewis, if they were not appropriately used to classify his prior conviction."). That is consistent with the long-established law that a sentencing court may look at materials like this report. *See United States v. Hankton*, 432 F.3d 779, 789–90 (7th

Cir. 2005) (noting that sentencing judge may consider virtually unlimited kinds of evidence relating to the defendant's entire history, so long as the evidence is reliable); *United States v. Hardamon*, 188 F.3d 843, 850 (7th Cir. 1999) (same); *see also United States v. Torres*, 977 F.2d 321, 330 & n.4 (7th Cir. 1992) ("We note that while arrest record alone will not justify a departure, detailed police investigation reports may supply reliable information of prior similar adult criminal conduct.") (citing *United States v. Terry*, 930 F.2d 542, 545–46 (7th Cir. 1991)).  Davis does not argue that the information was *inaccurate*.  And after all, unlike a case under the Armed Career Criminal Act, the statutory maximum under the advisory regime remained unchanged.  *See United States v. Welch*, 429 F.3d 702, 704 (7th Cir. 2005).

Finally, Davis's *Shepard* argument is not really a contention that the sentence is unreasonable in light of the factors under 18 U.S.C. § 3553(a), but rather that the procedure used by the court to arrive at the sentence was wrong, *see United States v. Rodriguez-Alvarez*, 425 F.3d 1041, 1045–46 (7th Cir. 2005), *petition for cert. filed*, (Jan. 5, 2006) (No. 05-8615).  Such an error may be harmless, *see id.*, and here it was (if there was any error at all).  All that concerns us is that the judge would have imposed the same sentence under an advisory regime and that the sentence is reasonable, *see Paladino*, 401 F.3d at 483–84, so the judgment of the district court is AFFIRMED.