NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued July 11, 2007
Decided July 26, 2007

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 06-4186 | |
| | Appeal from the United States |
| UNITED STATES OF AMERICA, | District Court for the Western |
| *Plaintiff-Appellee,* | District of Wisconsin |
| | |
| *v.* | No.  06 CR 111 |
| | |
| WALTER BENZING, | **Barbara B. Crabb**, |
| *Defendant-Appellant.* | *Chief Judge.* |

**O R D E R**

Walter Benzing pleaded guilty to one count of mail fraud, perpetrated as part of a two-episode scheme to defraud timber companies and landowners, in violation of 18 U.S.C. § 1341.  Benzing appeals his sentence of 55 months for the second episode, arguing that the district court either should have credited him for the 19 months of prison time he served after his conviction for the first, or at least should have explained fully why it did not do so.  He also argues that this court's presumption that a sentence within the guidelines range is reasonable violates the Sixth Amendment right to a jury trial, a matter the Supreme Court recently rejected in *United States v. Rita,* 127 S. Ct. 2456 (2007).  We affirm.

Benzing has been convicted twice for fraud in connection with forged timber contracts. From January to April 2000, Benzing forged six contracts purporting to give him permission to harvest timber on various tracts of land for a fee. He then sold these contracts to Sitco Lumber Company for over $93,000. After Sitco made nearly $75,000 in down payments, it discovered that the contracts were fraudulent. In December 2001 Benzing was convicted of interstate transportation of these fraudulently obtained funds and was sentenced to 21 months' imprisonment, of which he served 19 months.

While his criminal case was pending, and apparently unbeknownst to the government, Benzing pursued a second fraudulent lumber contracts scheme, which took place from September 2000 through December 2001. This time he forged 31 timber harvesting contracts and sold them to two other lumber operators for nearly $2 million, of which he was paid $935,000. As part of the scheme, Benzing also entered into three legitimate timber purchase contracts, which he in turn sold, but Benzing failed to pay the landowners the required fee, even after the lumber was harvested. On December 24, 2001, just three days after Benzing was sentenced for his first conviction, he mailed an $18,500 personal check to one of the landowners. The check was returned for insufficient funds and formed the basis of Benzing's indictment for mail fraud.

In August 2006 Benzing pleaded guilty to mail fraud. Both the government and Benzing argued in their objections to the Presentence Investigation Report that Benzing's first fraud conviction was "relevant conduct" for sentencing purposes. Relevant conduct encompasses all actions taken by a defendant as part of a common scheme or plan, *see* U.S.S.G. § 1B1.3(a)(2), and both the government and Benzing agreed that Benzing's frauds were two parts to a single scheme. Benzing further argued that his sentence should be reduced by the 19 months that he served for the previous offense to avoid punishing him twice for the same course of conduct. The government disagreed.

At sentencing the district court determined that Benzing's prior fraud offense was relevant conduct. The court calculated an offence level of 22 and applied a criminal history category of III—the designation of Benzing's prior conviction as relevant conduct reduced his criminal history category from IV to III—resulting in a guidelines range of 51 to 63 months' imprisonment. Since the statutory maximum penalty was five years, the court noted that the top end of his range was restricted to 60 months. Benzing did not disagree with the guidelines range but continued to argue that his sentence should be reduced by 19 months to credit him for time served on the related fraud charge. Put another way, Benzing argued that he was entitled to a sentence functionally concurrent with his earlier sentence. The government strenuously objected that doing so would reward repeated bad conduct. After hearing these arguments, the court observed that Benzing's "repetitive frauds

suggest a likelihood that you will commit future crimes but your law-abiding conduct in the years since you were released from prison indicate that you've changed your life and behavior significantly." It then sentenced Benzing to 55 months' imprisonment, a term in the middle of the guidelines range.

On appeal Benzing first argues that the district court abused its discretion by neglecting to consider his argument that his sentence should be reduced by the amount of time he already served for relevant conduct. Second, he contends that to the extent that the court considered and rejected his argument, it improperly failed to articulate its rationale. In particular, Benzing appears to claim that the district court ignored 18 U.S.C. § 3553(a)(5) because it failed to consider policy statements in sentencing guidelines, such as section 5K2.23. That section authorizes a sentencing court to reduce a sentence in certain circumstances if the defendant has already completed a prison term for relevant conduct. Benzing claims that those circumstances apply here.

Benzing's first claim is that the sentencing court did not consider his request that he be credited for the time served for the earlier, admittedly "relevant" fraud. But the record indicates otherwise. From the transcript of the sentencing hearing, it is evident that the district court heard both Benzing's argument that because his earlier sentence was based on a conviction for relevant conduct, he should receive a credit, and the government's argument that a reduction in Benzing's sentence would reward him for repeated criminal conduct. The court agreed that Benzing's first fraud scheme was indeed conduct relevant to the current mail fraud charge and reduced Benzing's criminal history category accordingly. But the court did not grant the sentencing credit. This exchange suggests that the court entertained and simply rejected Benzing's request for a sentencing credit.

This brings us to Benzing's second argument: that the district court improperly neglected to explain why it refused to credit his earlier sentence. A sentencing court is required to consider the 3553(a) factors and articulate its reasons for the sentence, *see United States v. Rodriguez-Alvarez*, 425 F.3d 1041, 1046 (7th Cir. 2005). If it is clear from the record that the district court gave meaningful consideration to the 3553(a) factors, then the court need not expressly discuss each of them, *see United States v. Williams*, 425 F.3d 478, 480 (7th Cir. 2005), but a district court abuses its discretion if it fails to discuss a "potentially meritorious argument" concerning the applicability of the sentencing factors raised by the defendant, *see United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005).

Recently, the Supreme Court has commented on just how explicitly a sentencing court must explain its rationale for rejecting a defendant's argument for a reduced sentence. In *United States v. Rita*, 127 S. Ct. 2456 (2007), the Court

noted that it is important for the sentencing judge to set forth his reasons for imposing a particular sentence "to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Id*. at 2468. The amount a judge must say is based on the particular circumstances of the case. *Id*. Because the record in *Rita* reflected that the judge considered the defendant's arguments, the Court held that given the simplicity of the issues involved, a more thorough explanation of the reasons for rejecting the arguments was not warranted. *Id*. at 2469.

Here, the district court provided an adequate explanation for rejecting Benzing's argument. Specifically, after Benzing urged the court to credit him for the earlier sentence, the court observed that Benzing's multiple fraud schemes indicated a propensity for future criminal misconduct. This observation indicates the court's assessment that Benzing's repetitive offenses warranted an increased, not decreased, sentence.

Furthermore, Benzing's argument is not "potentially meritorious," and thus, it was not necessary for the district court to reject it explicitly. *See Cunningham*, 429 F.3d at 678 (sentencing court need not discuss nonmeritorious arguments); *cf. Rita*, at 2468 (when nonfrivolous arguments for an outside-guidelines sentence are presented, a district court generally will explain why it has rejected them). Benzing's argument for a functionally concurrent sentence easily fails under the policy statements of the guidelines. A defendant is entitled to a concurrent sentence if (1) he is serving an undischarged prison term for an earlier, relevant offense and (2) consideration of the earlier, relevant conduct increased the sentence of his current conviction. U.S.S.G. § 5G1.3(b). Sentencing Commission policy also gives the sentencing court discretion to reduce the sentence of a defendant who has already been discharged from prison if section 5G1.3(b) would apply were the defendant serving a prison term at the time of sentencing. *See* U.S.S.G. § 5K2.23.

But by the express terms of section 5G1.3(b), a defendant is *not* entitled to a concurrent sentence for relevant conduct if section 5G1.3(a) applies; that is, "[i]f the instant offense was committed . . . after sentencing for, but before commencing service of" another term of imprisonment. U.S.S.G. § 5G1.3(a). In that case, the sentences are to run consecutively. *Id*. Here, Benzing committed his mail fraud offense on December 24, 2001—just three days after he was sentenced for his first fraud scheme—taking his second offense squarely outside of the scope of section 5G1.3(b) and thus outside of the section 5K2.23 policy statement. In other words, had Benzing's first sentence not been fully discharged when he was sentenced for his second offense, sentencing policy would have urged a consecutive, not a concurrent, sentence. *See United States v. Dote*, 328 F.3d 919, 925 n.3 (7th Cir. 2003) (noting that Sentencing Commission policy calls for consecutive sentences (i.e., no credit) when the defendant commits another crime *after* being sentenced on

relevant conduct).   Thus, under the terms of the Sentencing Commission policy, Benzing does not deserve a credit that would amount to a functionally concurrent sentence.

Benzing also argues that presuming a sentence within the guidelines range to be reasonable is inconsistent with *United States v. Booker*, 543 U.S. 220 (2005). But the Supreme Court has recently decided that Courts of Appeals may apply a rebuttable presumption that a within-guidelines sentence is reasonable and that doing so does not violate the Sixth Amendment.  *See Rita*, at 2462-65.  Besides his argument for a sentencing credit, Benzing presented no other argument that his sentence was unreasonable.  In any event, the record reflects that the sentence is reasonable because the district court appropriately considered and applied the 18 U.S.C. § 3553(a) factors.  *See United States v. Vaughn*, 433 F.3d 917, 925 (7th Cir. 2006); *United States v. Dean*, 414 F.3d 725, 729 (7th Cir. 2005).  The district court expressed "concern[ ] about the repetitive crimes that [Benzing] engaged in." But it also found significant that he had behaved well after his discharge from prison.  It concluded that a 55-month sentence was "necessary to protect the community from criminal acts on [Benzing's] part while [he is] incarcerated, reflect the seriousness of [his] crimes, and hold [him] accountable for those crimes."

The district court considered Benzing's argument for a reduced sentence, and especially given the argument's lack of merit, adequately discussed its reasons for imposing a 55-month sentence.  And, this sentence was reasonable.

AFFIRMED.