**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

## For the Seventh Circuit
## Chicago, Illinois 60604

Submitted June 11, 2007
Decided January 4, 2008

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 06-3777

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin, |
| *v.* | No. 98 CR 104 |
| ANDREW ACOSTA, also known as BK, *Defendant-Appellant.* | Lynn Adelman, *Judge.* |

**ORDER**

Andrew Acosta appealed his conviction and sentence for racketeering and drug conspiracy charges. We affirmed his conviction, *United States v. Olson*, 450 F.3d 655 (7th Cir. 2006), but we vacated his sentence, which had been imposed under the mandatory guidelines scheme that existed before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). Acosta had preserved a *Booker*-type objection, and we therefore remanded for re-sentencing. *See United States v. Schlifer*, 403 F.3d 849, 853-54 (7th Cir. 2005). The district court subsequently re-sentenced Acosta to life in prison. Acosta's attorney has concluded that there is no non-frivolous ground for an appeal, and has moved to withdraw as

counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967). Acosta was notified of his attorney's motion under Circuit Rule 51(b) and was granted until July 11, 2007 to file a response, but did not do so. We therefore confine our review to the potential issue identified in counsel's facially adequate brief. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997). Because we agree that the only potential issue identified is frivolous, we grant counsel's motion and dismiss the appeal.

A jury convicted Acosta of racketeering, conspiracy to engage in a pattern of racketeering activity, conspiracy to possess with intent to deliver controlled substances, and possession with intent to deliver controlled substances. The predicate acts alleged in the charge of racketeering included conspiracy to murder Angelique Morales, the murder of Angelique Morales, the attempted murder of Jennifer Burzynski, and possession with intent to distribute marijuana. Acosta was the trigger man in the attack that resulted in the death of Angelique Morales and the injury of Jennifer Burzynski. The facts of these horrendous crimes are included in our original opinion and we will not repeat them here. The guidelines calculation set Acosta's offense level at 47, with a criminal history category of IV. As was the case with three of Acosta's co-defendants, this combination is literally off the chart. That is, the relevant guidelines chart ends at level 43 with a sentencing range of life for criminal history category IV. Acosta did not object to this calculation but instead argued that a sentence of less than life would satisfy the criteria of 18 U.S.C. § 3553(a).

The district court carefully considered the factors set forth in section 3553(a). In assessing the nature and circumstances of the offense, the court noted that "this is the most serious type of crime that a court confronts. The defendant murdered a young woman and wounded her friend because he felt that she had disrespected his gang. It was a brutal killing." R. 2414, Tr. at 31-32.[1] The court found that there was no possible justification for this "horrific crime." Tr. at 32. The court also considered Acosta's participation in drug distribution and enforcement for his gang. The court then commented on Acosta's character, noting that he had an extensive record of criminal activity extending from his youth until approximately age 30, including crimes he committed while in custody. Tr. at 32-33. Acknowledging that Acosta had made positive changes in his behavior and attitude in the two years prior to his re-sentencing, the court nonetheless found that a life sentence was necessary to reflect the serious nature of a murder committed over a slight to a gang. Tr. at 33-36. The court further concluded that a life sentence was necessary for deterrence and to protect the public from Acosta, who remained violent after his conviction. The court noted that, given the impact of Acosta's crimes on his victims

---

[1] Record item 2414 is the "Transcript of Sentencing Hearing" held on September 25, 2006. For the sake of brevity, we will refer to it as "Tr."

and on the community, "to not impose the strongest sentence that's possible  I think does cause people to question the nature of justice." Tr. at 34.  We note that the court made findings on every factor of section 3553(a), and we have summarized only the most relevant points.  The court clearly was aware that it was not confined to the guidelines sentence but could consider any sentence it found appropriate. The court then sentenced Acosta to life in prison on the two racketeering counts, and sixty months' imprisonment on each of the drug counts, to run concurrently for a total sentence of life.  The court also sentenced Acosta to five years of supervised release, ordered him to pay restitution in the amount of $1517.99, and entered a special assessment of $400 against him.

After *Booker*, we review a sentence for reasonableness, and sentences that are within the properly calculated guidelines range are entitled to a rebuttable presumption of reasonableness.  *United States v. Rita*, 127 S. Ct. 2456, 2462 (2007); *United States v. Rodriguez-Alvarez*, 425 F.3d 1041, 1045 (7th Cir. 2005), *cert. denied*, 127 S. Ct. 3040 (2007); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005).  Acosta's sentence is within the guidelines range of life and is therefore entitled to a presumption of reasonableness.  Counsel notes that the only factor favoring a sentence of less than life is Acosta's recent efforts towards rehabilitation, which reflect on his character.  The district court was clearly aware of those efforts but found that, in considering all of the section 3553(a) factors together, a life sentence was appropriate.  Without any reason to challenge the reasonableness of that determination, we agree with counsel that there are no non-frivolous issues for appeal.  Therefore, the *Anders* motion is GRANTED and the appeal is DISMISSED.