NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals
### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted August 23, 2012 [1]
Decided December 4, 2012

**Before**

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 12-1600

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 06 CR 923-1 |
| ADRIAN FLORIN FECHETE, *Defendant-Appellant.* | John W. Darrah, *Judge.* |

**ORDER**

In 2006, Adrian Fechete was arrested in connection with a large-scale internet fraud scheme and charged with six counts of wire fraud in violation of 18 U.S.C. § 1343, four

---

[1]   Pursuant to Seventh Circuit Internal Operating Procedure 6(b), this successive appeal was submitted to the panel of judges that disposed of Fechete's initial direct appeal of his conviction and sentence. Upon review of the briefs and the record and consideration of the standards set forth in Fed. R. App. 34(a)(2), the panel has determined that oral argument is unnecessary to the resolution of this appeal. The appeal has therefore been submitted on the briefs and the record.

counts of receiving stolen property that had been transported interstate in violation of 18
U.S.C. § 2315, one count of conspiracy to commit money laundering in violation of 18 U.S.C.
§ 1956(h), and one count of aggravated identity theft in violation of 18 U.S.C. § 1028A.  A
jury found Fechete guilty of all charges, and the district court subsequently sentenced him
to 324 months of imprisonment.  On appeal, we affirmed his conviction for money
laundering, vacated his conviction for aggravated identity theft, and vacated and remanded
his sentence for further proceedings.  *United States v. Aslan*, 644 F.3d 526 (7th Cir. 2011).

On remand, the district court resentenced Fechete to 262 months of imprisonment.
Fechete wishes to appeal his new sentence but his lawyer moves to withdraw under *Anders
v. California*, 386 U.S. 738  (1967), contending that Fechete has no non-frivolous issues to
raise on appeal.  Fechete responded to our invitation to reply to his attorney's motion.  *See*
Circuit Rule 51(b).  We confine our review of the record to the potential issues raised in the
attorney's facially-adequate brief and Fechete's Rule 51(b) response.  *United States v. Schuh*,
289 F.3d 968, 973-74 (7th Cir. 2002); *United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997).

Fechete's attorney presents several potential issues for review: (1) whether the
district court committed a procedural error in resentencing Fechete; (2) whether the district
court failed to conduct a proper analysis under 18 U.S.C. § 3553(a); (3) whether the revised
sentence was substantially unreasonable; (4) whether the district court considered matters
outside the scope of this court's limited remand; and (5) whether the issues that Fechete
raised with appellate counsel have any merit.  Fechete himself filed an additional brief in
which he claimed that the court erred by (1) failing to consider the disparity between his
sentence and the average sentence imposed by courts on defendants nationally for similar
crimes; (2) giving inadequate reasons on the record for imposing the sentence; (3) failing to
ask Fechete and his lawyer whether they had read the presentence report ("PSR");[2] and (4)
refusing to acknowledge Fechete's post-conviction rehabilitation, or to credit his acceptance
of responsibility and expression of remorse for his crime.

We begin with the issues presented by counsel.  Our review of sentencing decisions
is limited to whether they are reasonable, applying the abuse of discretion standard.  *Gall v.
United States*, 552 U.S. 38, 46 (2007).  We first must ensure that the district court committed
no significant procedural error.  *Gall*, 552 U.S. at 51.  Procedural errors include, among other
things, failing to calculate or incorrectly calculating the guidelines range, treating the
guidelines as mandatory, failing to consider the § 3553(a) factors, or failing to explain
adequately the chosen sentence, including an explanation for any deviation from the
guidelines range.  *Gall*, 552 U.S. at 51.  If the district court's decision is procedurally sound,

---

[2]       We can dispose of this issue briefly.  The court did in fact ask Fechete if he had
received and read the PSR, and it is clear from the transcript that counsel received, read and
responded to the PSR after discussing it with Fechete.  Sent. Tr. at 2.

we then consider the substantive reasonableness of the sentence using the abuse of discretion standard. *Gall*, 552 U.S. at 51. We review the district court's interpretation of the sentencing guidelines *de novo*. *United States v. Veazey*, 491 F.3d 700, 706 (7th Cir. 2007); *United States v. Chamness*, 435 F.3d 724, 726 (7th Cir. 2006). Sentences that are within the properly calculated guidelines range are entitled to a rebuttable presumption of reasonableness. *Rita v. United States*, 551 U.S. 338, 341-49 (2007); *Veazey*, 491 F.3d at 706; *United States v. Rodriguez-Alvarez*, 425 F.3d 1041, 1045 (7th Cir. 2005); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005).

Counsel is correct that our remand was limited to correcting four errors we identified in the initial appeal: (1) mathematical errors in computing the losses attributable to Fechete on account of the conduct of two co-defendants, Schneider and Vega; (2) the inclusion in the sentence of the vacated conviction for aggravated identity theft; (3) the erroneous application of a section 2B1.1(b)(14) enhancement for possession of a dangerous weapon in connection with the offense; and (4) the lack of adequate findings as to jointly undertaken activity among Fechete and two other co-defendants, Moloman and Salem. On reviewing the transcript, we agree with counsel that the court addressed every one of those errors and did not exceed the scope of the remand in calculating the new sentence.

Specifically, the court corrected the amount of the loss caused by Schneider, Vega and Fechete to $894,000, a loss suffered by 227 victims of the three co-schemers.[3] The court did not include in the sentence the vacated identity theft count. The court also adjusted the sentence to remove the effect of the dangerous weapon enhancement. The court then made adequate factual findings as to the scope of the criminal activity undertaken jointly with Moloman and Salem before attributing an additional $192,000 loss and an additional 101 victims to Fechete. The total loss was calculated to be $1,086,000, taken from 328 victims. After correcting the four errors from the first appeal, the court then correctly calculated the guidelines sentence, applying adjustments that were unchallenged (or affirmed) in the first appeal, and arriving at a total offense level of 37 and a Criminal History Category of I. The resulting sentencing range was 210 to 262 months.

The court then applied the section 3553(a) factors. In particular, after reviewing letters from the victims and listening to a statement from Fechete as well as the arguments of counsel, the court found that a sentence on the high end of the guidelines was necessary for both general and specific deterrence. Although Fechete had a limited criminal history in the United States, he had an extensive record in Canada, including nine convictions for theft and fraud, none of which had deterred him from continuing to commit crimes once he came

---

[3]     Of this amount, $186,000 was directly attributed to Fechete, who personally victimized sixty-four people. Schneider and Vega added 163 victims who suffered losses totaling $708,000.

to the United States. The court noted that the type of fraud committed by Fechete was difficult to detect and difficult to prosecute, necessitating a higher sentence for general deterrence purposes. The court also considered the nature of the crime and its harm to the hundreds of victims, as well as Fechete's complete lack of remorse. The court then sentenced Fechete to 262 months' imprisonment, the top of the guidelines range.

We agree with counsel that the court committed no procedural error in arriving at the sentencing range, considering the section 3553(a) factors and setting the sentence. Sentences that are within the properly calculated guidelines range are entitled to a rebuttable presumption of reasonableness. *Rita,* 551 U.S. at 341-49; *Veazey*, 491 F.3d at 706; *Mykytiuk*, 415 F.3d at 608. Counsel points to no reason to rebut the presumption and we find no reason in the record. The court adhered carefully to the limits of our remand. There are therefore no non-frivolous issues for appeal identified by counsel and we turn to the arguments made by Fechete himself.

Fechete filed a *pro se* motion to intervene in his appeal before counsel submitted an *Anders* motion and brief, and so counsel helpfully responded to those issues in the *Anders* brief. The majority of the issues raised in the motion to intervene relate to alleged procedural errors at sentencing. We have already determined that there were no such errors. Fechete also hints in the motion to intervene that his trial counsel was ineffective, but such a claim is best brought on collateral review, where a complete record may be developed to support the claim. *See United States v. Haskins*, 511 F.3d 688, 693 (7th Cir. 2007); *United States v. Harris*, 394 F.3d 543, 557-58 (7th Cir. 2005). Fechete further claims that he was biased by the introduction of evidence in support of the now-vacated aggravated identity theft claim. That issue both exceeds the scope of our limited remand and is waived because it could have been brought in the first appeal. *See United States v. Husband*, 312 F.3d 247, 250-51 (7th Cir. 2002).

Finally, we consider the issues raised by Fechete in his Rule 51(b) response. Fechete complains that the court failed to consider the disparity between his sentence and the national average for similar crimes. He contends that the court failed to adequately explain on the record its reasons for the particular sentence selected. He also faults the court for failing to give him credit for post-conviction rehabilitation and acceptance of responsibility.

Each claim is frivolous. We have already held that challenging a within-guidelines sentence as "disparate" is a pointless exercise because a sentencing difference that results from a proper application of the guidelines cannot be "unwarranted." *See United States v. Chapman*, 694 F.3d 908, 916 (7th Cir. 2012) (section 3553(a)(6) cannot be a basis to deem a sentence unreasonable when the guidelines are properly calculated). Our review of the sentencing transcript demonstrates that the court extensively explained its reasons for this particular sentence considering the section 3553(a) factors.

And finally, any claim that Fechete should have been credited for post-conviction rehabilitation or acceptance of responsibility can best be answered with his own words during his sentencing hearing. After complaining about his lawyer, the jurors and the United States Attorney, Fechete did his best to minimize his responsibility for the losses to the victims:

> [$]187,000 was directly attributed to me. However, the lion's share of the transactions were attributable to my co-defendants, over $1 million. These are people over whom I had no control. And, in fact, I profited a small percentage from their activities. Also, some of the transactions involved were legitimate money transfers from my family in Canada to me.
>
> To state that the amount I was charged with was reasonably foreseeable by me is a gross overstatement of my profitability.
>
> While it's true I recruited some people to participate in this scheme, what they did on their own should not be laid on my doorstep.

Sent. Tr. at 28-29. He then sought to assign a greater share of blame to others in the scheme, called his sentence "unfair and inhuman and completely out of proportion to my criminal behavior and my role in this scheme," and advised the court that, although he was "not an angel," nor was he "the worst person in the world or even on this case." Sent. Tr. at 29-31. He now points to a single sentence in the middle of this diatribe as evidence of his acceptance of responsibility:

> Yet, I am being punished completely out of proportion to my actual criminal behavior of which I'm sorry for and wish I could go back and change.

Sent. Tr. at 31. Rather than acknowledging the great harm to his victims, Fechete focused on what he considered to be his piffling profits. The district court recognized that this "I'm sorry" was not an expression of remorse for the harm Fechete and his co-defendants caused the hundreds of victims of this fraudulent scheme, but a statement of regret that he had been caught, convicted and held to account for his crimes. Any argument that the district court erred in declining to credit Fechete for acceptance of responsibility or post-conviction rehabilitation is patently frivolous.

Because there are no non-frivolous issues for appeal, we **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.[4]

---

[4]     We thank appointed counsel for their very thorough *Anders* brief.