In the

# United States Court of Appeals
## For the Seventh Circuit

———————

No. 05-2713

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

HECTOR MARTINEZ-MARTINEZ,

*Defendant-Appellant.*

———————

Appeal from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
No. 04 CR 204—**Larry J. McKinney**, *Chief Judge.*

———————

ARGUED JANUARY 24, 2006—DECIDED MARCH 23, 2006

———————

Before RIPPLE, ROVNER and EVANS, *Circuit Judges.*

RIPPLE, *Circuit Judge.* Hector Martinez pleaded guilty
to reentering the United States after having been deported
following a conviction for an aggravated felony. *See* 8 U.S.C.
§ 1326(a), (b)(2). At sentencing, Mr. Martinez requested a
sentence of 24 months' imprisonment or less; he contended
that a longer sentence would create a sentencing disparity
between himself and similarly situated defendants prose-
cuted in districts that employ a "fast-track" sentencing
program for this type of crime. The district court rejected
Mr. Martinez's request and sentenced him to 41 months'
imprisonment—the low end of the advisory guideline range

for his offense level and his criminal history category. The district court also imposed a term of three years' supervised release. Mr. Martinez now contends that his sentence is unreasonable in light of the sentencing considerations set forth in 18 U.S.C. § 3553(a). For the reasons set forth in this opinion, we affirm the judgment of the district court.

# I

## BACKGROUND

In 1990, Mr. Martinez, a citizen of Mexico, was convicted of two counts of attempted murder and served five-and-one-half years in prison before he was deported to Mexico. In December 2004, immigration agents, acting on an anonymous tip, found Mr. Martinez working at a restaurant in Kokomo, Indiana. Mr. Martinez admitted to these agents that he reentered the United States, and was immediately arrested. He later pleaded guilty to one count of illegal reentry.

Mr. Martinez was sentenced after the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005). The district court, therefore, treated the Guidelines as advisory and looked to the sentencing factors set forth in 18 U.S.C. § 3553(a) to determine the proper sentence. At sentencing, Mr. Martinez did not object to his offense level or criminal history score, as set forth in his presentence investigation report. Instead, emphasizing that 18 U.S.C. § 3553(a)(6) required the district court to consider the need to avoid unwarranted sentence disparities, Mr. Martinez requested a sentence no longer than 24 months. He relied upon several cases in other district courts in which seemingly similarly situated defendants were sentenced

below the Guidelines recommendation.[1] These courts recognized a disparity in sentences between those districts that employ fast-track procedures for sentencing defendants convicted under 8 U.S.C. § 1326, and districts that do not. Accordingly, these courts took that discrepancy into account in determining the sentence imposed on the defendant.

In this case, the district court stated that it considered the factors outlined in § 3553(a), but nevertheless concluded that the recommended sentencing range of 41 to 51 months was "reflected in the application of [§] 3553(a)" and that the range was "[m]ore than reasonable." R.30 at 34-35. The district court did not discuss specifically the possible disparity between sentences in districts that employ a fast-track procedure and those that do not. Nevertheless, it did acknowledge Mr. Martinez's arguments when it stated that "[§] 3553(a) carries a lot of suggestions for the Court, not the least of which are those suggested by your lawyer." *Id.* at 34. The district court then went on to consider other § 3553(a) factors including the nature and circumstances of Mr. Martinez's offense, his history and character and the need to impose a sentence that reflects the seriousness of the offense and promotes respect for the law.

---

[1] *See United States v. Ramirez-Ramirez*, 365 F. Supp. 2d 728 (E.D. Va. 2005); *United States v. Huerta-Rodriguez*, 355 F. Supp. 2d 1019 (D. Neb. 2005); *United States v. Galvez-Barrios*, 355 F. Supp. 2d 958 (E.D. Wis. 2005).

**II**

**DISCUSSION**

Mr. Martinez contends that his 41-month sentence was unreasonable because the district court created an un-warranted sentencing disparity in contravention of § 3553(a)(6). Mr. Martinez's sentence is within a properly calculated guideline range and is therefore presumptively reasonable. *See United States v. Paulus*, 419 F.3d 693, 700 (7th Cir. 2005); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). Thus, in order to prevail, Mr. Martinez must rebut this presumption of reasonableness. *Mykytiuk*, 415 F.3d at 608.

Mr. Martinez bases his unreasonableness claim on the disparity between his sentence and sentences of other defendants who are similarly situated. He claims that this disparity is caused by the practice of some federal judicial districts' to employ a fast-track sentencing program. Fast-tracking is a procedure that began in states bordering Mexico, where district courts were experiencing high case loads due to immigration matters. *See United States v. Morales-Chaires*, 430 F.3d 1124, 1127 (10th Cir. 2005). In its original form, prosecutors offered defendants reduced sentences through charge-bargaining or through a motion for downward departure in exchange for pre-indictment guilty pleas. *Id*.

Congress has, through various measures, indicated its approval of fast-track procedures. In 2003, Congress enacted the Prosecutorial Remedies and Tools Against the Exploitation of Children Today Act of 2003 ("PROTECT Act"), which, although not addressing specifically the practice of charge-bargaining, specifically sanctioned the use of fast-track programs. The PROTECT Act required the United

States Sentencing Commission to develop a guideline "authorizing a downward departure of not more than 4 levels if the Government files a motion for such a departure pursuant to an early disposition program authorized by the Attorney General and the United States Attorney." PROTECT Act, Pub. L. No. 108-21, § 401(m)(2)(B), 117 Stat. 650 (2003), 28 U.S.C. § 994 (note). Prior to the enactment of the PROTECT Act, the House of Representatives issued a report regarding a companion bill, the Child Abduction Prevention Act of 2003, and commented on its reasons for legislating in this area. H.R. Rep. No. 108-48, at 7 (2003). According to this report, Congress intended to provide relief to districts with crowded immigration dockets by recognizing the authority of the courts to grant "limited departures" in accordance with structured early disposition programs. *Id*. Yet, the report noted that such programs should be reserved for offenses "whose high incidence within the district has imposed an extraordinary strain on the resources of that district as compared to other districts." *Id*. Congress thus recognized that disparities would exist between the sentences of those in fast-track jurisdictions and those outside of those jurisdictions. Congress further noted that its recognition of early disposition programs "does not confer authority to depart downward on an ad hoc basis in individual cases." *Id*. The Sentencing Commission developed U.S.S.G. § 5K3.1 to implement Congress' directive:

> Upon motion of the Government, the court may depart downward not more than 4 levels pursuant to an early disposition program authorized by the Attorney General of the United States and the United States Attorney for the district in which the court resides.

Given Congress' explicit recognition that fast-track procedures would cause discrepancies, we cannot say that a sentence is unreasonable simply because it was imposed in

a district that does not employ an early disposition pro-gram. Congress simply has authorized prosecutorial authorities to weigh the benefits of a longer sentence against the burdens of delay and oppressive case management issues and, in such situations, to determine that the public good requires that the latter value be given preference. The First Circuit has suggested: "It is arguable that even post-*Booker*, it would never be reasonable to depart downward based on disparities between fast-track and non-fast-track jurisdictions given Congress' clear (if implied) statement in the PROTECT Act provision that such disparities are acceptable." *United States v. Martinez-Flores*, 428 F.3d 22, 30 n.3 (1st Cir. 2005).

Mr. Martinez argues that the lack of a fast-track pro-gram unfairly disadvantaged him as compared to those defendants sentenced for the same crime in districts that do have such a program. He also argues that his sen-tence is unreasonable because some courts in districts that do not have fast-track procedures, in an effort to avoid sentencing disparity, have imposed sentences shorter than the one recommended by the Guidelines for defendants convicted under § 1326. *See, e.g., United States v. Santos*, 406 F. Supp. 2d 320, 325-29 (S.D.N.Y. 2005); *United States v. Ramirez-Ramirez*, 365 F. Supp. 2d 728, 732-33 (E.D. Va. 2005); *United States v. Huerta-Rodriguez*, 355 F. Supp. 2d 1019, 1030-31 (D. Neb. 2005); *United States v. Galvez-Barrios*, 355 F. Supp. 2d 958, 963-64 (E.D. Wis. 2005). That some courts have chosen to avoid disparity does not mean that all district courts are compelled to adjust a sentence downward from the advisory guidelines range in order for that sen-tence to be reasonable. As the Tenth Circuit recognized, fast-tracking in other jurisdictions creates the possibility of sentencing disparities; yet such a disparity is merely one of several factors that must be considered in crafting a particu-

lar defendant's sentence. *Morales-Chaires*, 430 F.3d at 1131. A sentence within the advisory guidelines range presumptively takes into consideration all of the other factors set forth in § 3553(a), and Mr. Martinez has not satisfied his burden of rebutting the reasonableness of his sentence.

The district court considered Mr. Martinez's argument on sentence disparity along with several other factors listed in § 3553(a). The district court understandably found most persuasive the nature and circumstances of his illegal reentry shortly after being deported and his prior aggravated felony conviction. The district court also stated emphatically that the sentence imposed was necessary to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense. Any disparity between Mr. Martinez's sentence and the sentences of individuals sentenced in fast-track jurisdictions, or between his sentence and those of individuals receiving reduced sentences based on the perception of sentencing disparities due to the use of fast-track procedures, was considered appropriately as a single, and not controlling, factor. We cannot say that Mr. Martinez's sentence was unreasonable.

Mr. Martinez next argues that the district court committed procedural error when it failed to discuss specifically § 3553(a)(6) and its concern with the disparity in sentences. At a minimum, due process requires sentencing courts to calculate the defendant's guidelines range and to provide the defendant an opportunity to request a sentence different from the one recommended under the Guidelines. *United States v. Rodriguez-Alvarez*, 425 F.3d 1041, 1046 (7th Cir. 2005). The court must then consider the § 3553(a) factors and articulate those factors relevant to the sentence that it decides to impose. *Id.*; *see also United States v. Dean*, 414 F.3d 725, 729 (7th Cir. 2005).

Mr. Martinez cannot show that the district court committed a procedural error in calculating his sentence. The district court properly calculated the applicable guidelines range and provided Mr. Martinez the opportunity to argue why he was entitled to a different sentence based on any of the § 3553(a) factors. The court then reminded Mr. Martinez that his crime carries a statutory maximum sentence of 20 years and enumerated the § 3553(a) factors that justify the 41-month sentence. Although the district court did not specifically articulate its view on the weight to be accorded the issue of sentencing disparity in light of § 3553(a)(6), it was not required to discuss each factor's effect on the sentence. *See United States v. George*, 403 F.3d 470, 472-73 (7th Cir. 2005). It is enough that the district court acknowledged Mr. Martinez's arguments and justified the sentence on the basis of other factors. *See United States v. Brock*, 433 F.3d 931, 935-36 (7th Cir. 2006); *Rodriguez-Alvarez*, 425 F.3d at 1046; *Dean*, 414 F.3d at 729; *George*, 403 F.3d at 472-73. The district court therefore did not commit procedural error when sentencing Mr. Martinez.

## Conclusion

For the foregoing reasons, we affirm the judgment of the district court.

AFFIRMED

No. 05-2713                                                                        9

A true Copy:

    Teste:

                               _____

*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*