**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 31, 2006[*]
Decided June 2, 2006

**Before**

Hon. THOMAS E. FAIRCHILD, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-2994

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 04 CR 505-1 |
| JERONIMO RAMIREZ-IBARRA, *Defendant-Appellant.* | Samuel Der-Yeghiayan, *Judge.* |

**O R D E R**

While Jeronimo Ramirez-Ibarra was serving an Illinois sentence for drunk driving, immigration authorities discovered that he was a native and citizen of Mexico and that he was deported from the United States in 1992 after a conviction for a drug trafficking offense. The government charged him with being in the United States without permission after his removal, *see* 8 U.S.C. § 1326(a), and he pleaded guilty. At sentencing his attorney argued that a below-guidelines sentence was appropriate because the lack of a "fast-track" program, *see* U.S.S.G. § 5K3.1, in

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

the Northern District of Illinois creates disparity with § 1326(a) sentences imposed in districts that have such a program. The district court rejected Ramirez-Ibarra's argument because Congress and the Sentencing Commission left the implementation of such programs to the discretion of the government. After considering the sentencing factors in 18 U.S.C. § 3553(a), the district court imposed a sentence of 70 months' imprisonment—a sentence at the low end of the guidelines range.

On appeal Ramirez-Ibarra first argues that the presumption of reasonableness afforded a sentence imposed within the guidelines range is inconsistent with *United States v. Booker*, 543 U.S. 220 (2005). Ramirez-Ibarra concedes, however, that his position is foreclosed by circuit precedent. *See United States v. Mykytiuk*, 415 F.3d 606 (7th Cir. 2005). He makes the argument here to preserve the possibility of review by the Supreme Court.

Ramirez-Ibarra next argues that his sentence is unreasonable because the district judge did not go below the guidelines range to compensate for the fact that the Northern District of Illinois does not have a fast-track program. The consequence, he contends, is that the court failed to consider the sentencing disparities caused by having fast-track programs in some districts but not others, thus failing to consider a factor specified in § 3553(a)(6). We resolve this argument against Ramirez-Ibarra. As we explained in *United States v. Martinez-Martinez*, 442 F.3d 539 (7th Cir. 2006), and *United States v. Galicia-Cardenas*, 443 F.3d 553 (7th Cir. 2006) (per curiam), Congress knew that disparities would result from leaving it to the Attorney General to decide which districts should implement fast-track procedures, and thus a sentence imposed for violating § 1326(a) cannot be deemed unreasonable simply because the defendant was convicted in a jurisdiction without a fast-track program. Ramirez-Ibarra's sentence is within the properly calculated guidelines range and is therefore presumptively reasonable; he cannot rebut that presumption by pointing to a factor that does not justify a reduced sentence. *See Martinez-Martinez*, 442 F.3d at 542-43.

The key to the foregoing analysis is that the disparities between sentences imposed in a fast-track district and a district not having a fast-track program do not rebut the presumption of reasonableness. Another analysis would lead to the same result. It is that these disparities being authorized by Congress and the Sentencing Commission, to accomplish an efficient use of limited resources, are not "unwarranted" and consideration of them is therefore not required by the terms of 18 U.S.C. § 3553(a)(6). The judgment appealed from is AFFIRMED.