**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted July 14, 2006[*]
Decided July 18, 2006

**Before**

Hon. RICHARD D. CUDAHY, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-3719

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee,*<br><br>    *v.*<br><br>JUAN GONZALEZ IBARRA,<br>    *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division<br><br>No. 05 CR 352<br><br>Amy J. St. Eve,<br>*Judge.* |

**O R D E R**

Juan Gonzalez Ibarra pleaded guilty to being in the United States without permission after his removal to Mexico.  *See* 8 U.S.C. § 1326(a).  Ibarra faced an enhanced sentence because his removal followed several convictions for aggravated felonies, *see id.* § 1326(b), which yielded a guidelines range of 77 to 96 months.  The district court, exercising its discretion under *United States v. Booker*, 543 U.S. 220

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* Fed. R. App. P. 34(a)(2).

(2005), went below that range and imposed a 60-month term of imprisonment, but explicitly rejected Ibarra's argument that the reduction should be even greater to conform his sentence to those in other districts that, unlike the Northern District of Illinois, have implemented "fast-track" programs for § 1326(a) prosecutions. *See* Prosecutorial Remedies and Tools Against the Exploitation of Children Today Act of 2003, Pub. L. No. 108-21, § 401, 117 Stat. 650, 675; U.S.S.G. § 5K3.1. The court observed that Congress was aware of the potential for disparity when it approved the fast-track program, that the program is designed to expedite prosecution in districts with a high number of immigration cases, and that defendants who participate in the program give up multiple rights to do so. Thus, the court reasoned, the absence of a fast-track program in the district was not an appropriate basis for deviating from the advisory guidelines range in Ibarra's case.

On appeal Ibarra makes the single argument that his prison sentence is unreasonably high because the district court refused to consider that the guidelines range might have been lower in a fast-track district. As we have explained, however, the absence of a fast-track program in the sentencing district is not an acceptable reason for imposing a sentence below the guidelines range. *See United States v. Martinez-Martinez*, 442 F.3d 539, 542 (7th Cir. 2006); *United States v. Galicia-Cardenas*, 443 F.3d 553 (7th Cir. 2006). Moreover, contrary to Ibarra's contention, the district court did not refuse to consider his argument that the absence of a fast-track program justified a further reduction in his sentence. Rather, the court directed the parties to brief the issue and, for the very reasons we identified in *Galicia-Cardenas* and *Martinez-Martinez*, concluded that the absence of a fast-track program did not warrant a lower sentence. Thus, even if the lack of a fast-track program had been a relevant consideration, Ibarra would have no cause for complaint because a sentence imposed after *Booker* cannot be deemed unreasonable whenever the district court's exercise of discretion does not coincide with the defendant's wishes. *See United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005); *United States v. Gipson*, 425 F.3d 335, 337 (7th Cir. 2005).

AFFIRMED.