**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604
Submitted July 29, 2006
Decided August 15, 2006

Before

**Hon.** RICHARD D. CUDAHY, Circuit Judge

**Hon.** FRANK H. EASTERBROOK, Circuit Judge

**Hon.** DANIEL A. MANION, Circuit Judge

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellant*, **No.** 05-4040 v. RAMON M. REYES-SANCHEZ, *Defendant-Appellee.* | Appeal from the United States District Court for the Eastern District of Wisconsin. No. 04 CR 45 J.P. Stadtmueller, *Judge.* |

**Order**

The district court gave Ramon Miguel Reyes-Sanchez a sentence substantially below the range recommended by the Sentencing Guidelines, and the United States has appealed.

The district judge's principal consideration was that the Attorney General has not authorized a "fast track" sentencing program for immigration offenses in the Eastern District of Wisconsin. After the district court sentenced Reyes-Sanchez, however, we held that this is not a proper ground for reducing a sentence. See *United States v. Galicia-Cardenas*, 443 F.3d 553 (7th Cir. 2006); see also *United States v. Martinez-Martinez*, 442 F.3d 539 (7th Cir. 2006).

The district judge suggested that his decision had been influenced in part by a belief that lower sentences given to defendants in other districts create unacceptable disparity and

that the Guidelines give too much weight to prior convictions. We held in *United States v. Boscarino*, 437 F.3d 634, 638 (7th Cir. 2006), another decision released after Reyes-Sanchez was sentenced, that considerations of "disparity" do not authorize sentences below the Guideline range (because such sentences increase rather than reduce aggregate disparity). Similarly, we have held that a judge's disagreement with how either federal statutes or the Guidelines treat recidivist enhancements does not justify lower sentences. See, e.g., *United States v. Duncan*, 413 F.3d 680, 683 (7th Cir. 2005).

Although *United States v. Booker*, 543 U.S. 220 (2005), gives district judges additional discretion in sentencing, that discretion must be exercised against the background of legal rules that influence sentences; nothing in *Booker* changes the applicable substantive rules. See, e.g., *United States v. Miller*, 450 F.3d 270 (7th Cir. 2006).

The judgment of the district court is vacated, and the case is remanded for resentencing consistent with this order and the opinions cited here.