**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 23, 2006
Decided August 23, 2006

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 06-2430

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee,*<br><br>    *v.*<br><br>AQUILINO SANTAMARIA-VASQUEZ,<br>    *Defendant-Appellant.* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division<br><br>No. IP 05-171-CR-01-T/F<br><br>John Daniel Tinder,<br>*Judge.* |

## O R D E R

Aquilino Santamaria-Vasquez, a Mexican citizen, pleaded guilty to being in the United States without permission after he was deported following several convictions for aggravated felonies. *See* 8 U.S.C. § 1326(a). The district court calculated an advisory guidelines range of 33 to 41 months' imprisonment, and sentenced Santamaria-Vasquez to 40 months. Santamaria-Vasquez appeals, but his appointed attorney moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he cannot discern any nonfrivolous grounds for appeal. We invited Santamaria-Vasquez to respond to counsel's motion, *see* Cir. R. 51(b), but he has not done so. Thus, our review is limited to the points discussed in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel informs us that Santamaria-Vasquez does not wish to challenge his conviction, and thus counsel has appropriately omitted any discussion about the adequacy of the plea colloquy or the voluntariness of the guilty plea. *See United States v. Knox*, 287 F.3d 667, 670–72 (7th Cir. 2002). And though counsel catalogues previously litigated challenges to the constitutionality of § 1326(a), he does not suggest that any of them might provide a basis for appeal. Instead, counsel is able to discern only one potential issue: whether Santamaria-Vasquez might argue that his prison sentence is unreasonable. *See United States v. Booker*, 543 U.S. 220 (2005). But counsel correctly notes that a sentence within the guidelines range is presumptively reasonable, *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005), and counsel can identify no error in the district court's calculation of the guidelines range or its analysis of the relevant factors under 18 U.S.C. § 3553(a). The district court sustained Santamaria-Vasquez's only challenge to the presentence report by granting his request to reduce his criminal history points by one. Although the district court did not make individual findings as to each of the § 3553(a) factors, we agree with counsel that the court gave meaningful consideration to the relevant factors and identified which of them affected the sentence imposed. *See United States v. Laufle*, 433 F.3d 981, 987 (7th Cir. 2006). Moreover, as counsel recognizes, the district court was not required to reduce Santamaria-Vasquez's sentence to compensate for the absence in the district of a "fast-track" program for early disposition of § 1326(a) prosecutions. As we have explained, a sentence is not unreasonable merely because it was imposed in a district that does not have a fast-track program. *See United States v. Martinez-Martinez*, 442 F.3d 539, 542 (7th Cir. 2006). Thus, we agree with counsel that it would be frivolous to argue on this record that the sentence is unreasonable.

Accordingly, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.