**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 25, 2006[*]
Decided September 25, 2006

**Before**

Hon. THOMAS E. FAIRCHILD, *Circuit Judge*

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 05-4755

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| v. | No. 05 CR 470 |
| PEDRO CARILLO-COLLAZO, *Defendant-Appellant.* | Samuel Der-Yeghiayan, *Judge.* |

**O R D E R**

Pedro Carillo-Collazo pleaded guilty to being in the United States without permission after his removal to Mexico. *See* 8 U.S.C. § 1326(a). He faced an enhanced sentence because his removal followed several convictions for aggravated felonies, *see id.* § 1326(b)(2), a fact that also yielded a guidelines imprisonment range of 77 to 96 months. At sentencing Carillo-Collazo objected to a sentence within the recommended guidelines range, arguing that a below-guidelines sentence

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

was necessary to avoid what he characterized as unwarranted sentencing disparities created by the lack of a "fast-track" program in the Northern District of Illinois. *See* 18 U.S.C. § 3553(a)(6); U.S.S.G. § 5K3.1. The district court rejected this argument: "The defendant does not live in a district that has a Fast Track program and it is not appropriate for this Court to sentence him as if he did. Therefore, we find that a downward departure based on the sentencing in Fast Track districts is not appropriate and not necessary to avoid sentencing disparities." The district court then considered the sentencing factors in 18 U.S.C. § 3553(a) and imposed a sentence of 80 months' imprisonment.

Carillo-Collazo's sole contention on appeal is that the district court erred when it rejected his request for a below-guidelines sentence because "the district court believed that it could not consider" the differences in sentences imposed in districts with fast-track programs versus districts without. He characterizes the district court's rejection of his fast-track argument as an erroneous legal conclusion and focuses his challenge on this court's opinion in *United States v. Galicia-Cardenas*, 443 F.3d 553 (7th Cir. 2006), which was decided after the district court sentenced Carillo-Collazo. He acknowledges that *Galicia-Cardenas* now prohibits district courts from relying on the lack of a fast-track program in the district as a basis for imposing a sentence below the advisory guidelines range, *see* 443 F.3d at 555, but urges this court to overrule *Galicia-Cardenas* and remand his case so that the district court may "reconsider" his sentence.

The district court committed no error when it rejected Carillo-Collazo's request to impose a below-guidelines sentence to conform with sentences in fast-track districts. Sentencing disparities created by fast-track programs in some districts are not "unwarranted," *United States v. Martinez-Martinez*, 442 F.3d 539, 542 (7th Cir. 2006); *United States v. Aguirre-Villa*, ___ F.3d ___, 2006 WL 2349222, *2 (5th Cir. Aug. 15, 2006) (collecting cases), and thus are not proper grounds for reducing a defendant's sentence, *Galicia-Cardenas*, 443 F.3d at 555; *see United States v. Sebastian*, 436 F.3d 913, 916 (8th Cir. 2006) (explaining that reducing a defendant's sentence "based solely on the existence of early disposition programs in other districts would conflict" with Congress's intent to limit the availability of such reductions to certain locales). Moreover, contrary to Carillo-Collazo's assertion that the district court "believed that it could not consider" sentences imposed in fast-track districts, the record establishes that the court declined to consider his fast-track argument as irrelevant to its sentencing decision. We agree. *See United States v. Rodriguez-Rodriguez,* 453 F.3d 458, 462-63 (7th Cir. 2006) (observing that fast-track programs were implemented for the benefit of prosecutors and judges, not defendants). Accordingly, we decline Carillo-Collazo's invitation to overrule *Galicia-Cardenas* and AFFIRM his sentence.