**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted October 11, 2006
Decided October 11, 2006

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

No. 06-1714

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* <br><br> v. <br><br> CESAR GOMEZ-MEDINA, *Defendant-Appellant.* | Appeal from the United States District Court for the Eastern District of Wisconsin <br><br> No. 05-CR-244 <br><br> Rudolph T. Randa, *Chief Judge.* |

**O R D E R**

Cesar Gomez-Medina, a Mexican citizen, was removed from the United States in 2002 after an Illinois court sentenced him to probation on his convictions for the manufacture or delivery of cocaine and possession of a controlled substance. After he was found in Milwaukee, Wisconsin, in 2005, he pleaded guilty to being in the United States without permission after removal. *See* 8 U.S.C. § 1326(a). The district court calculated an advisory guidelines range of 27 to 33 months' imprisonment and sentenced Gomez-Medina to 30 months' imprisonment and three years' supervised release. Gomez-Medina appeals, but his appointed counsel moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because she cannot discern any nonfrivolous grounds for appeal. We invited Gomez-Medina to respond

to counsel's motion, *see* Cir. R. 51(b), but he did not.  Thus, our review is limited to the points discussed in counsel's facially adequate brief.  *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel is able to discern only one potential issue: whether Gomez-Medina might argue that his prison sentence is unreasonable because the district court did not impose a below-range sentence to account for the lack of a "fast-track" program in the Eastern District of Wisconsin.  *See* U.S.S.G. § 5K3.1.  We have held, however, that the absence of a fast-track program in the sentencing district is not an acceptable reason for imposing a sentence below the guidelines range.  *United States v. Rodriguez-Rodriguez*, 453 F.3d 458, 462 (7th Cir. 2006).  *See United States v. Martinez-Martinez*, 442 FD.3d 539, 542 (7th Cir. 2006); *United States v. Galicia-Cardenas*, 443 F.3d 553, 555 (7th Cir. 2006) (per curiam).  Thus, we agree with counsel that the potential argument would be frivolous.

Accordingly, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.