**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued September 22, 2006
Decided October 19, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 05-2953

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 04 CR 511 |
| SIMON LOPEZ-ESTRADA,<br>*Defendant-Appellant.* | Ruben Castillo,<br>*Judge.* |

**O R D E R**

Simon Lopez-Estrada pleaded guilty to unlawful reentry after conviction for an aggravated felony, 8 U.S.C. § 1326(a), (b)(2). He was sentenced to 57 months' imprisonment. On appeal, Lopez-Estrada argues that his sentence should be vacated because (1) the district court overlooked his claim that there is a disparity in sentences between districts that employ "fast-track" procedures for defendants convicted under § 1326 and districts that do not; and (2) the district court improperly increased his sentence based on its determination that he was convicted of an aggravated felony before removal.

Lopez-Estrada is a Mexican citizen who illegally entered the United States in 1983. In 1999 an Illinois court convicted him of aggravated kidnapping and sentenced him to 12 years' imprisonment. Lopez-Estrada was removed from the

United States in 2002 as an aggravated felon. Before removal, Lopez-Estrada was warned of the penalties for reentering the United States without permission from the Attorney General.

Nonetheless, he illegally reentered in 2003. Less than five months later, Lopez-Estrada was charged in Cook County circuit court with manufacturing and delivery of cannabis. He was convicted of the offense and taken into federal custody. In May 2004 he was indicted for illegal reentry. He pleaded guilty to the indictment.

Before sentencing, Lopez-Estrada urged the court to sentence him below the advisory guideline range because of an inter-district sentencing disparity caused by fast-track programs. Fast-track programs offer defendants charged with illegal reentry lower sentences in exchange for pleading guilty and waiving certain procedural rights. *See* Stephanos Bibas, *Regulating Local Variations in Federal Sentencing*, 58 Stan. L. Rev. 137, 138 (2005). Federal prosecutors created the programs to ease court congestion in states that border Mexico; because defendants must immediately plead guilty and forego appeals, illegal reentry cases can be processed quickly. *See id.* at 146. Congress has approved of fast-track procedures. *See* Prosecutorial Remedies and Tools Against the Exploitation of Children Today Act of 2003, Pub.L. No. 108-21, 117 Stat. 650, 675 (2003). Lopez-Estrada argued that fast-track programs create an unwarranted sentencing disparity, because he presumably would have received a lower sentence in a state that used the fast-track system.

At sentencing, the court determined Lopez-Estrada's total offense level under the advisory guidelines to be 21 and his criminal history to be category IV. The court acknowledged concern over the disparity that fast-track programs cause, but concluded that a sentence within the guidelines was reasonable because Lopez-Estrada reentered the country after a violent felony conviction and committed another offense shortly after his return. The court sentenced Lopez-Estrada to 57 months' imprisonment followed by three years of supervised release.

After Lopez-Estrada filed his original brief, we issued several opinions rejecting the argument that the absence of a fast-track program in a certain jurisdiction created an impermissible sentencing disparity in contravention of 18 U.S.C. § 3553(a)(6). *See United States v. Martinez-Martinez*, 442 F.3d 539 (7th Cir. 2006) ("Given Congress' explicit recognition that fast-track procedures would cause discrepancies, we cannot say that a sentence is unreasonable simply because it was imposed in a district that does not employ an early disposition program."); *United States v. Galicia-Cardenas*, 443 F.3d 553 (7th Cir. 2006). *Galicia-Cardenas* relied on *Martinez-Martinez* in vacating a sentence imposed after a downward departure because a district did not have a fast-track program. In his reply brief, Lopez-

Estrada acknowledges the controlling nature of these decisions, but suggests that *Galicia-Cardenas* is flawed because it "prohibit[s]" district courts from considering sentencing disparities in fast-track and non-fast-track districts, while *Martinez-Martinez* permitted consideration of the sentencing disparity.

Lopez-Estrada misreads our precedents. *Martinez-Martinez* does not imply that the district court can lower sentences solely because of the fast-track disparity. In *Martinez-Martinez*, we held that the sentencing disparity can be considered as a single, but not controlling, factor. 442 F.3d at 543. Following the logic of *Martinez-Martinez*, we held in *Galicia-Cardenas* that a sentence imposed after a downward departure entirely on the basis of fast-track programs in other districts cannot be deemed reasonable. 443 F.3d at 555. We have more recently noted that, "*Martinez-Martinez* . . . holds that a sentence in a district without a fast-track program *need* not be reduced, and . . . *Galicia-Cardenas* . . . adds that it *must* not be reduced." *United States v. Rodriguez-Rodriguez*, 453 F.3d 458, 462 (7th Cir. 2006). Both decisions are consistent in holding that the absence of a fast-track program in the sentencing district is not an acceptable reason for imposing a sentence below the guideline range.

Moreover, every circuit to rule on the issue has held that the availability of fast-track departures in only some districts does not create an unwarranted sentencing disparity. *See United States v. Castro*, 455 F.3d 1249, 1253 (11th Cir. 2006); *accord United States v. Mejia*, 461 F.3d 158, 164 (2d Cir. 2006); *United States v. Hernandez-Fierros*, 453 F.3d 309, 314 (6th Cir. 2006); *United States v. Perez-Pena*, 453 F.3d 236, 244 (4th Cir. 2006); *United States v. Gomez-Castillo*, 179 Fed.Appx. 484, 490-91 (10th Cir. 2006); *United States v. Sebastian*, 436 F.3d 913, 916 (8th Cir. 2006); *United States v. Martinez-Flores*, 428 F.3d 22, 30 (1st Cir. 2005). Because the weight of legal authority supports *Galicia-Cardenas*, we reject Lopez-Estrada's invitation to overrule the decision.

Lopez-Estrada also asserts that the district court did not adequately explain its refusal to grant him a sentence that acknowledges the disparity caused by fast-track programs. It is true that the district court's explanation was sparse. The court acknowledged concern with the effects of the program on sentencing uniformity, but added that it did not have the facts of the cases that granted fast-track deviations at its disposal, and that it would instead assess Lopez-Estrada's case using its discretion under *Booker*. Most determinative for the court was Lopez-Estrada's decision "not only to re-enter the United States . . . but to come back here and to return to the criminal justice system in such a short period of time after you've been deported for the other aggravated case, which was a violent felony." This statement confirms that the court found most persuasive the nature and circumstances of Lopez-Estrada's illegal reentry so shortly after being deported and his prior aggravated felony conviction. Although the court did not specifically

articulate its position on the weight to be accorded the issue of the sentencing disparity in light of § 3553(a)(6), it was not required to discuss each factor's effect on the sentence. *See Martinez-Martinez*, 442 F.3d at 543. It is sufficient that the court acknowledged Lopez-Estrada's arguments and substantiated the sentence on the basis of other factors. *Id.*

Lopez-Estrada's final argument is that the Sixth Amendment was violated because his prior conviction for an aggravated felony was not proven to a jury beyond a reasonable doubt. Lopez-Estrada did not raise the argument in the district court and does so in this court only to preserve it for Supreme Court review. Lopez-Estrada admits that *United States v. Almendarez-Torres*, 523 U.S. 224 (1998), forecloses the argument that his prior conviction ought to have been found by a jury. He nonetheless argues that *Almendarez-Torres* is at odds with *United States v. Booker*, 543 U.S. 220 (2005), because *Almendarez-Torres* authorizes a court to increase a defendant's sentence based on facts not admitted by the defendant or proved to a jury beyond a reasonable doubt. 523 U.S. at 226. We have repeatedly held, however, that *Almendarez-Torres* remains valid until the Supreme Court overrules it. *See, e.g., United States v. Stevens*, 453 F.3d 963, 967 (7th Cir. 2006); *United States v. Browning*, 436 F.3d 780, 782 (7th Cir. 2006) (noting that continued authority of *Almendarez-Torres* is not for this court to decide).

AFFIRMED.