UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 29, 2006[*]
Decided November 29, 2006

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-2061

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee*,<br><br>v.<br><br>JESUS M. ARZOLA-CASAS,<br>*Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division<br><br>No. 05 CR 1005<br><br>Amy J. St. Eve,<br>*Judge.* |

**O R D E R**

Jesus Arzola-Casas pleaded guilty to reentering the United States after having been ordered removed from the United States following two aggravated felony convictions, *see* 8 U.S.C. §§ 1326(a), (b)(2), and was sentenced to 33 months' imprisonment. On appeal, Arzola-Casas argues that his sentence is unreasonably

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

high because similarly situated defendants in districts with "fast-track" procedures for § 1326 convictions receive lower sentences than he.  We affirm.

Arzola-Casas was ordered removed to Mexico in 2003 following his convictions for burglary and obstruction of justice, both of which are aggravated felonies.  Approximately one year later, he illegally reentered the United States.  In 2005, he was convicted of aggravated battery of a police officer, and after serving out his sentence on this conviction, he was released to immigration officials and charged with illegal reentry into the United States.

At sentencing Arzola-Casas argued for a below-guidelines sentence based on the disparity between sentences imposed in districts with fast-track programs and those without.  Fast-track programs allow the government to request a downward departure in the offense level for § 1326 convictions if the Attorney General and the United States Attorney authorize the use of such a program in that district.  *See* U.S.S.G. § 5K3.1, *United States v. Martinez-Martinez*, 442 F.3d 539, 542 (7th Cir. 2006).  The district court here, however, declined to depart below the guidelines, noting our recent decisions in *Martinez-Martinez*, 442 F.3d at 539, holding that the district court need not depart below the guidelines range to compensate for disparities created by the selective use of fast-track programs.  The district court considered the relevant sentencing factors under 18 U.S.C. § 3553(a)(2), including the seriousness of the crime of illegal reentry; the need to deter Arzola-Casas from future illegal reentries; the need to protect the public from Arzola-Casas, who has a history of violent criminal behavior; and the hardship to his family.  The court imposed a 33-month term of imprisonment, the lowest sentence within the guideline range.

On appeal Arzola-Casas urges us to overrule *Martinez-Martinez* and consider his sentence unreasonable based on its variance from sentences imposed in jurisdictions with fast-track programs.  He argues that these disparities are "unwarranted," and therefore contravene 18 U.S.C. § 3553(a)(6) because they depend on where the defendant gets arrested, not his individual culpability.  Section 3553(a)(6) requires that a sentencing court consider the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."

We decline Arzola-Casas' invitation to overrule our recent precedent.  The sentencing disparities created by the use of fast-track programs in a few districts are not "unwarranted" because Congress explicitly recognized that these procedures would cause discrepancies.  *Martinez-Martinez*, 442 F.3d at 542.
Since *Martinez-Martinez*, we have clarified that district courts may not depart below the guidelines range based on these discrepancies, and we do so again here.

*See United States v. Rodriguez-Rodriguez*, 453 F.3d 458, 462 (7th Cir. 2006); *United States v. Galicia-Cardenas*, 443 F.3d 553, 555 (7th Cir. 2006).

Arzola-Casas' sentence falls within the properly calculated guidelines range, and therefore is presumed reasonable. *See United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). We are mindful that the Supreme Court has recently granted a writ of certiorari in a Fourth Circuit case to determine whether according a presumption of reasonableness to within-guidelines sentences is consistent with *United States v. Booker*, 543 U.S. 220 (2005). *United States v. Rita*, No. 05-4674, 2006 WL 1144508 (4th Cir. May 1, 2006), *cert granted,* 75 U.S.L.W. 3246 (U.S. Nov. 3, 2006) (No. 06-5754). Arzola-Casas, however, offers no argument on appeal to rebut the presumed reasonableness of his sentence. And even without this presumption, we would regard his sentence as reasonable because the district court chose the sentence after carefully considering the sentencing factors under § 3553(a).

Accordingly, we AFFIRM the judgment of the district court.