UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued December 12, 2006
Decided December 22, 2006

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-1876

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| v. | No. 05 CR 274 |
| DANIEL SANDOVAL-RIVERA, *Defendant-Appellant*. | John W. Darrah, *Judge*. |

**ORDER**

Daniel Sandoval-Rivera was convicted and sentenced to 70 months' imprisonment after he pleaded guilty to being present in the United States without permission following a previous removal.  On appeal he challenges only the reasonableness of his sentence, arguing that the district court based its sentencing decision solely on the recommended guidelines range, without taking into account other factors set forth in 18 U.S.C. § 3553(a).  Because Rivera's sentence is reasonable in light of his criminal history and need to deter future criminal conduct, we affirm.

Rivera was found in Streamwood, Illinois, when his mother's husband called the Streamwood police to have him thrown out of the house.  A name check revealed that Rivera was a deported felon and was in the United States illegally.  He was

arrested and subsequently indicted on one count of being in the United States without permission, *see* 8 U.S.C. § 1326(a), to which he pleaded guilty.

Rivera's presentence investigation report disclosed a prior conviction for assault with a deadly weapon, two prior drug convictions, and three prior removals from the United States. Based upon those convictions, the probation officer calculated a total offense level of 21, including adjustments not at issue on appeal, and a criminal-history category of V. The resulting guidelines imprisonment range was 70 to 87 months, with a statutory maximum of 20 years.

Rivera did not object to the guidelines calculation but argued instead that a below-guidelines sentence would be sufficient to reflect the seriousness of his offense, promote respect for the law, and provide just punishment. In particular, he explained that he entered the United States on this occasion to see his ailing mother and not for any illegal purpose or financial gain. He also explained that as a child he had been abandoned by his parents, grew up in poverty, and was currently suffering from his own health problems, including high blood pressure, diabetes, hepatitis C, and high cholesterol. And, he said, the absence of a fast-track program in the Northern District of Illinois created an unwarranted sentencing disparity.

The district court rejected Rivera's arguments and sentenced him at the bottom of the guidelines range. In reaching its decision, the court explained that it had considered that Rivera had illegally entered the United States several times and had been deported on three prior occasions. The court also noted that, while in this country in the past, Rivera had engaged in serious criminal conduct.

Rivera contends that it was unreasonable to sentence him within the properly calculated guidelines range. He argues that the district court gave inordinate weight to the guidelines calculation, to the exclusion of all other factors set forth in 18 U.S.C. § 3553(a). Moreover, he says, in determining his sentence the court failed to consider mitigating factors, such as his troubled childhood and health problems, and the lack of a fast-track program in the Northern District of Illinois.

We review a defendant's sentence for reasonableness. *United States v. Roche-Martinez*, 467 F.3d 591, 595 (7th Cir. 2006). A sentence within a properly calculated guidelines range is presumptively reasonable. *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). *Cf. Rita v. United States*, No. 06-5754, 2006 WL 2307774 (U.S. Nov. 3, 2006) (granting certiorari to decide whether according presumption of reasonableness to sentences within guidelines range is consistent with *Booker*).

Rivera's guidelines sentence is presumptively reasonable under this court's precedent, but even without the presumption, his sentence is reasonable. Contrary to Rivera's contention that the district court considered only the guidelines calculation in determining his sentence, the court stated at sentencing that it had read Rivera's sentencing memorandum. Admittedly, the district court's explanation of its sentencing determination was limited, and we would have preferred more explicit consideration of the mitigating factors cited by Rivera. However, such specificity is not required when the sentence is within the guidelines range. *See* 18 U.S.C. § 3553(c); *United States v. Rodriguez-Alvarez*, 425 F.3d 1041, 1047 (7th Cir. 2005). The district court explained that it felt a 70-month term of imprisonment was necessary in light of Rivera's history of illegal entries into the United States and his criminal propensity. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(A), (a)(2)(B), (a)(2)(C); *see also United States v. Martinez-Martinez*, 442 F.3d 539, 543-44 (7th Cir. 2006) (explaining that district court need not discuss effect on sentencing of each § 3553(a) factor but instead need only acknowledge defendant's arguments and substantiate sentence imposed). Even though it would have been within the court's discretion to sentence Rivera below the guidelines range based on Rivera's troubled childhood and health problems, *see* 18 U.S.C. § 3553(a)(1), it was also within the court's discretion to impose a sentence that takes into account Rivera's criminal past, *see id.* § 3553(a)(2); *see also United States v. Gonzalez*, 112 F.3d 1325, 1330 (7th Cir. 1997) (noting in dictum that it is "particularly troublesome to have illegal aliens returning who are not just illegal aliens, but also criminals"). And sentencing disparities created by the lack of a fast-track program in the sentencing district are not "unwarranted" as contemplated by § 3553(a)(6). *See United States v. Rodriguez-Rodriguez*, 453 F.3d 458, 462-63 (7th Cir. 2006); *United States v. Miller*, 450 F.3d 270, 275-76 (7th Cir. 2006); *United States v. Galicia-Cardenas*, 443 F.3d 553, 555 (7th Cir. 2006); *Martinez-Martinez*, 442 F.3d at 542.

AFFIRMED.