NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted March 29, 2007
Decided March 30, 2007

**Before**

Hon. FRANK H. EASTERBROOK, *Chief Judge*

Hon. JOEL M. FLAUM, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 06-1778

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 05-CR-341 |
| MIGUEL QUINTANA-CASTRO, *Defendant-Appellant.* | Harry D. Leinenweber, *Judge.* |

**O R D E R**

Miguel Quintana-Castro, a Mexican citizen, was caught trying to sell cocaine to high school students in Highland Park, Illinois. After his case was referred to federal authorities, he pleaded guilty to being in the United States without permission after his removal. *See* 8 U.S.C. §§ 1326(a), (b)(2). Twice before this conviction Quintana-Castro had been removed after committing felonies, the first time in 1998 following a conviction for burglary and the second time in 2002 after a conviction for delivering cocaine. The district court calculated a guidelines imprisonment range of 70 to 87 months and sentenced Quintana-Castro to 70 months. The district court explicitly rejected a sentence below the range citing Quintana-Castro's criminal history and recidivism, including that "just as of a year ago he was selling drugs to children, to high school students." Quintana-Castro

filed a timely notice of appeal, but his appointed counsel now seeks to withdraw because he cannot discern a nonfrivolous basis for the appeal. *See Anders v. California*, 386 U.S. 738 (1967). Quintana-Castro has not accepted our invitation to comment on counsel's motion. *See* Cir. R. 51(b). Our review of the record is limited to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel identifies only one potential issue: whether Quintana-Castro might argue that his prison sentence is unreasonable because the Northern District of Illinois does not have a "fast-track" program for immigration offenders. *See* Prosecutorial Remedies and Tools Against the Exploitation of Children Today Act of 2003, Pub.L. No. 108-21, § 401, 117 Stat. 650, 675; U.S.S.G. § 5K3.1. As counsel correctly notes, however, we have held that the absence of a fast-track program in the sentencing district is not an acceptable reason for imposing a sentence below the guidelines range. *United States v. Rodriguez-Rodriguez*, 453 F.3d 458, 462-63 (7th Cir.2006); *see United States v. Martinez-Martinez*, 442 F.3d 539, 542 (7th Cir.2006); *United States v. Galicia-Cardenas*, 443 F.3d 553, 555 (7th Cir.2006) (per curiam). Thus, we agree with counsel that this potential argument would be frivolous.

Accordingly, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.