NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 3 2010
Decided March 4, 2010

**Before**

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 09-2480

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Western District of Wisconsin. |
| | |
| *v.* | No. 08-CR-116-C-02 |
| | |
| RAMON E. JURADO LOPEZ, | Barbara B. Crabb, |
| *Defendant-Appellant.* | *Chief Judge.* |

**O R D E R**

Ramon Jurado Lopez pleaded guilty to knowingly and intentionally distributing a mixture or substance containing cocaine, 21 U.S.C. § 841(a)(1); 18 U.S.C. § 2, and was sentenced to 66 months' imprisonment.  Lopez appeals, but his appointed counsel has concluded that the case is frivolous and moves to withdraw.  *See Anders v. California*, 386 U.S. 738, 744 (1967).  Lopez declined an invitation to respond to counsel's submission, *see* CIR. R. 51(b), and so we confine our review to the potential issues outlined in counsel's facially adequate brief.  *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

After Lopez pleaded guilty, a probation officer prepared a presentence investigation report.  The PSR estimated Lopez's relevant conduct to be 9.2 kilograms of cocaine: 204

grams supplied in controlled purchases to an undercover officer in 2008 (the offense conduct), 500 grams sold to a confidential informant in 2008, 490 grams recovered from the home of another confidential informant (who identified Lopez as his source) in 2006, and 8 kilograms seized in 2008 from the truck of someone later seen at Lopez's residence. Based on information from the controlled purchases and witness statements, the probation officer also recommended a two-level increase in Lopez's offense level for being a manager or supervisor. *See* U.S.S.G. § 3B1.1(c).

Lopez responded with a memo of objections primarily attacking the calculated amount of drugs. He objected to the inclusion of the 8 kilograms, asserting that there was no corroborating evidence connecting him to the drugs. He also objected to the inclusion of the 490 grams from 2006, asserting that these drugs were not part of the same course or scheme attributed to him in the offense conduct from 2008. Finally, Lopez objected to the application of § 3B1.1(c) on grounds that information from one of his associates was unreliable, since he was also negotiating a plea at the time.

The government subsequently informed the district court that it could not meet its burden of proof to connect Lopez to the 8 kilograms recovered from the truck, and so the probation officer revised the PSR accordingly, leaving Lopez responsible for 1.2 kilograms of cocaine.

At the conclusion of the sentencing hearing (at which Lopez did not re-assert his objections about the drug quantity), the district court adopted the revised guideline calculations in the PSR. Lopez faced a guidelines range of 57 to 71 months, given a base offense level of 26, *see* U.S.S.G. § 2D1.1(c)(7) (between 500 grams and 2 kilograms of cocaine), with two additional levels for his role as a manager or supervisor, *see id.* § 3B1.1(c), a three-level reduction for acceptance of responsibility, *see id.* § 3E1.1, and criminal history category of I. The court noted that Lopez was part of a large-scale drug operation across several states and sentenced him to 66 months.

At the outset we note that Lopez does not want his guilty plea set aside, and so counsel appropriately refrains from examining the adequacy of the plea colloquy or the voluntariness of the plea. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).

Counsel first assesses whether Lopez could potentially challenge the district court's guideline calculations, including the amount of drugs attributed to Lopez or the adjustment for his role as manager/supervisor. But as counsel notes, the district court adopted the calculations and findings from the PSR, and Lopez did not object to any of these findings at sentencing. The district court properly based its findings on the uncontradicted factual

information in the PSR. *See United States v. Thornton*, 463 F.3d 693, 700-01 (7th Cir. 2006); *United States v. Salinas*, 365 F.3d 582, 587-88 (7th Cir. 2004); *see also* FED. R. CRIM. P. 32(i)(3)(A). Moreover, Lopez's decision not to assert his objections at sentencing effectively waived those arguments on appeal. *See United States v. Venturella*, 585 F.3d 1013, 1019 (7th Cir. 2009) (collecting cases); *United States v. Sensmeier*, 361 F.3d 982, 986-87 (7th Cir. 2004). Any potential argument based on the court's guideline calculations would be frivolous.

Counsel also considers whether Lopez could potentially argue that his prison sentence is unreasonable. Lopez's sentence is within the guideline range, however, and we therefore presume it to be reasonable. *Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Cano-Rodriguez*, 552 F.3d 637, 639 (7th Cir. 2009). Further, the district court sufficiently considered the § 3553 factors at sentencing, *see* 18 U.S.C. § 3553(a); *United States v. Martinez-Martinez*, 442 F.3d 539, 543 (7th Cir. 2006). The court acknowledged that Lopez "care[s] a lot about his children," *see* 18 U.S.C. § 3553(a)(1), but found him extremely culpable in light of the "significant period of time" of the "large-scale drug distribution" that took place, *see id.* § 3553(a)(2)(A). The court downplayed Lopez's minimal criminal history and his record of steady employment, noting that he "really earned [his] living through drug trafficking," *see id.* § 3553(a)(1). The court found that a mid-guideline range sentence would "provide [Lopez] with the opportunity for rehabilitative programs and achieve parity with the sentences of similarly situated offenders." *See id.* § 3553(a)(2)(D), (a)(6). Any potential argument that the court failed to meaningfully consider the factors set forth in § 3553(a) would be frivolous.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.