NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued January 26, 2011
Decided February 18, 2011

*Before*

WILLIAM J. BAUER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 09-4096

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 1:08-cr-00449-1 |
| UREAL MORANT-JONES, *Defendant-Appellant*. | Wayne R. Andersen, *Judge*. |

## O R D E R

Ureal Morant-Jones was removed from the United States but returned without permission. He pleaded guilty to unlawful presence, 8 U.S.C. § 1326(a), and was sentenced within the Guidelines range to 57 months' imprisonment. On appeal he argues that the sentencing court failed to consider, as a ground in mitigation, the absence of a "fast track" program in the Northern District of Illinois. Because the court did consider but rejected the appellant's fast-track argument, we affirm the judgment.

Morant-Jones, a citizen of Jamaica, first entered the United States in 1992. After convictions for drug trafficking crimes in 1997 and 2001, Morant-Jones was removed to Jamaica in 2004.

But he returned to the United States in October 2007. Then in April 2008, Morant-Jones was arrested by Chicago police for possession of marijuana, driving with a broken tail light, and driving without a license or insurance. He was charged with violating § 1326(a).

At sentencing, Morant-Jones argued that a term of imprisonment below the Guidelines range was necessary to compensate for the leniency given to some violators of § 1326(a) in districts with "fast track" programs. Sixteen districts have adopted fast-track or "early disposition" programs for defendants convicted under § 1326(a). These programs allow for a reduced sentence if the defendant meets the particular district's criteria, which vary but generally require a prompt guilty plea and waiver of appeal. *See* U.S.S.G. § 5K3.1; *United States v. Reyes-Hernandez*, 624 F.3d 405, 409-10 (7th Cir. 2010). The Northern District of Illinois does not have a fast-track program. Morant-Jones argued that his imprisonment range should be 30 to 37 months, the range which, he asserted, would have applied in a district with a fast-track program. At sentencing, the district court calculated a total offense level of 21 and a Category IV criminal history, yielding a Guidelines imprisonment range of 57 to 71 months. The district court rejected Morant-Jones's argument for a prison sentence below that range and sentenced him to 57 months.

On appeal Morant-Jones argues that the district court failed to adequately consider the fast-track argument and, at the very least, did not sufficiently explain its reasons for refusing to sentence him below the Guidelines range. Until recently our precedents did not allow a district court to impose a below-range sentence solely because the prosecuting district lacks a fast-track program. *See United States v. Galicia-Cardenas*, 443 F.3d 553, 555 (7th Cir. 2006); *United States v. Martinez-Martinez*, 442 F.3d 539, 543 (7th Cir. 2006). But in *Reyes-Hernandez*, which had been argued and was under advisement when Morant-Jones was sentenced, we reconsidered our approach and now recognize that sentencing judges have the discretion to consider the absence of a fast-track program in applying the § 3553(a) factors, *id.*, 624 F.3d at 417.

Morant-Jones's argument on appeal has no merit because, contrary to his contention, the district court *did* consider the potential for disparate treatment resulting from the absence of a fast-track program in Northern Illinois. At the sentencing hearing the district court acknowledged that it had "read all the fast track stuff and the other legal arguments." The court described, however, some of the circumstances that weighed against a lenient sentence, including Morant-Jones's need for drug treatment and the need to deter a future violation of § 1326(a) and future drug crimes. The district court never implied that it could not, or would not, take the fast-track argument into account:

> I, by the way, do not buy the—a lot of people commit crimes, they don't get court—time in prison or as much time. Or they don't get caught, so they

never—nothing ever happens. Or they end up getting caught in a fast track district and they get a lesser sentence because the court system there is overburdened by—by a glut of cases. So I disagree with Mr. Clark's argument that you should get a lower sentence because this is not a fast track state. I don't think I have ever granted that.

But I do look to other factors.

The court's disagreement plainly conveys that it considered and rejected the fast-track argument, not that the court felt constrained by existing precedents to blind itself to the possibility of giving a reduction. The court anticipated our opinion in *Reyes-Hernandez* and proceeded as that decision suggests; the district judge evaluated Morant-Jones's argument in mitigation but concluded that his particular circumstances weighed against extending leniency based on fast-track considerations. To say that the court did not meaningfully consider the fast-track argument, as Morant-Jones does, is simply incorrect.

Moreover, Morant-Jones did not establish that he would have been eligible for a fast-track adjustment in any of the judicial districts with programs. *See Reyes-Hernandez*, 624 F.3d at 420; *United States v. Olmeda-Garcia*, 613 F.3d 721, 724 (7th Cir. 2010). He discussed the terms of imprisonment he would have faced after a 4-level decrease, but failed to mention that his high total offense level would have curtailed the available reduction in at least 3 of the 16 fast-track districts. He did not address whether the seven months that it took him to plead guilty would have eliminated him from a fast-track disposition in *every* district, nor did he contemplate whether he met any other disqualifying criteria. *See Olmeda-Garcia*, 613 F.3d at 724 (citing *United States v. Ramirez*, No. 09-3365, 2010 WL 1258239, at *4 (7th Cir. Apr. 1, 2010)).

AFFIRMED.